# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:          (212) 805-7933
Telephone No.:  (212) 805-0036

Dated:  September 9, 2015                                         Total Number of Pages:

**MEMO ENDORSED:**

Rule 11 requires "address, e-mail address and telephone number." For now, subject to any motion by defendant, the PO Box is an address. But you need to include e-mail address and telephone number. And you need to properly serve the defendant.

Copies to:   James Fischer (mail)
             Judge Torres

Hon. Allison Nathan
c/o Pro Se Office
Room 230
US Courthouse
500 Pearl St.
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED 2015-09-01
DOC# _____
DATE FILED: 9/9/15

RECEIVED
SDNY PRO SE OFFICE

2015 SEP -4 P 3:18

**MEMO ENDORSED** - p 2

In Re: Redaction Question for Case 15cv6266

Dear Judge Nathan (or her staff):

I am the plaintiff in case 15cv6266, "Fischer v. Stiglitz".
The defense demands that I put my home address and phone number on the public court record.
I am uncertain as to how to proceed.

I have not yet served the defendant, but instead sent a copy of the complaint and summons by mail, with a cover letter as a courtesy to give the out-of-state defendant adequate time to find an attorney, and thereby avoid being "served" at what might be an embarrassing/inconvenient time, or in front of friends, relatives, or co-workers.

Mr. Dennis Perlberg of Speyer & Perlberg who represents the defendant, but has not yet filed an appearance in the case, sent me an email directly contradicting what I learned from the Pro-Se office staff. Mr. Perlberg stated in his email:

   a) "Your summons is defective because it does provide your address as required by FRCP, Rule 4(a)(1)(C); your post office address is insufficient."

   b) "Your complaint is defective because it does not have your address or telephone number as required by FRCP Rule 11 (a)."

   c) "[The above are] defects which are subject to a motion to dismiss."

While I did not include a phone number, I did give a USPS PO Box address here in Manhattan. Reading FRCP Rule 11, it certainly does not specifically require a home or office address, it simply says "address". I've not been able to find any orders or decisions that define a USPS PO Box as an illegitimate "address" in the context of FRCP Rule 11.

Further, the Pro-Se office has never heard of any such requirements in regard to addresses and phone numbers. They feel that the summons and complaint are sufficient "as is", per phone call of 9/1/15, 3:00pm.

I do business using the address "PO Box 287048 New York, NY 10128". The warehouse space I rent in the South Bronx gets no mail delivery, as it is a purely "industrial" warehouse without offices, without a mail-slot, and with no doors except the loading dock doors.

Given that the events that led to the filing of the subject lawsuit would be succinctly described by a layman as "harassment and stalking", it seems chillingly ominous that the first request on behalf of the defendant is that my home address and phone number be placed on the public record. I have no problem with disclosing both in confidence to the defendant's attorney, and I have already done so via email. (I assume that he can be reminded by this court to not make the error of revealing either to his client, but I doubt he needs to be reminded.)

So, in light of the above, do I:

    a) Amend the complaint to append my home address and phone number to the complaint and summons, with a request that they be redacted?

    b) Keep the PO Box as the address "of record", with the understanding the defense already has my phone number, email, and home address, and that I have every intention of using email for all communications, with service waived?

    c) Utilize the street address of the Post Office, as they now offer this service?
        (see https://ribbs.usps.gov/mtcsa/documents/tech_guides/PBSAGuide.pdf )

    d) None of the above, something else?

Thanks for your time and attention.

*[signature]*

James Fischer

Per Judge Nathan's Rule 2, I certify that I have sent a copy of this letter to Mr. Dennis Perlberg of Speyer & Perlberg.

**MEMO ENDORSED** 9/8/15

*[handwritten note:]* Rule 11 requires "address, e-mail address & telephone number." For now, subject to any motion by defendant, the PO Box is an address. But you need to include e-mail address and telephone number. And you need to provide same to defendant.

SO ORDERED:

*[signature]*

Hon. Andrew Jay Peck
United States Magistrate Judge

*[handwritten:]* copy '. Fischer (mail)
FAX Torres

v-06266-AJN-AJP Document 5 Filed 09/04/15 Page

RECEIVED
SDNY PRO SE OFFICE

2015 SEP -4 P 3:18

Fischer
Box 287048
NYC NY 10128

Pro Se Unit
Room 230
US Courthouse
500 Pearl St.
New York, NY 10007

100073:1316

NEW YORK NY 100
02 SEP 2015 PM

USMP3
SDNY

