Hon. Andrew Peck
US Courthouse
500 Pearl St
New York, NY 10007

Re: Opposition to Defendant's Second Extension Request   15cv6266

Dear Judge Peck:

Mr. Perlberg called yesterday, requesting consent to a 30-day delay for his reply to the Amended Complaint. I declined. He then tried to conference you in. He left a message, apparently unaware of the holiday. I expect he will follow up on his request for a delay, and I must object by fax, as I must go earn a living today.

Mr. Perlberg called his failure to contact me Friday PM (see my 11/08 letter) a misunderstanding, but this did not explain his choice to copy me on his ECF-filed request via USPS, rather than via email. (Pro-se litigants get no alerts or notices from ECF, but must log on and query to see the docket, at roughly $1.00 a throw.)

We went through this same scenario of delay in summer. I mailed Mr. Stiglitz a pre-service copy of the complaint in hope of a settlement discussion before service. Mr. Perlberg requested a delay, but did not agree to accept service, as he somehow did not represent the client on whose behalf he requested the delay. After waiting patiently for a month, no discussion ensued, so a process server served the summons and complaint.

I see no reason for any further delay, as the amendment merely joined defendants, and tidied up some wording in light of the helpful defense critique. Nothing material has changed, and there has been more than enough time to update the defense arguments. Crucially, a ruling on the PI appears to hinge on this motion.

Mr. Perlberg still cannot accept service for, and therefore does not represent, either of the joined defendants. But even if he did represent them, they seem vicariously liable for Mr. Stiglitz's acts. So, if Mr. Perlberg had any confidence in his motion to dismiss, it would be far less work to dismiss one or more causes of action against Mr. Stiglitz, which could thereby eliminate those issues for all defendants.

So, the defense request seems to evince a lack of confidence in their motion to dismiss, but they will file one anyway, rather than an answer, as it slows the process, and might prompt a "rookie error". If the delay was to draft an answer, rather than basically the same motion again, a delay would seem reasonable.

The stated goal of combining motions to dismiss saves no effort at all, would add complexity, and mix direct and vicarious liability arguments. More to the point, the requested 30-day delay seems intended to force me to draft a reply during the height of the holiday season, when college law libraries will be closed. Thereby, the defense seems to be attempting to force me to choose between requesting an additional delay until 2016 (and waiting longer for a Preliminary Injunction ruling), or drafting a very rushed reply.

Unless the defense has substantially different arguments to offer, I submit that their prior motion applies to the amended complaint just as well as it applied to the initial complaint, and needs no further editing to be understood in the context of the amended complaint. Therefore, no additional delay is needed, and the defense can simply refile the same document as before. Everyone can easily read all occurrences of "Defendant" as "Defendants" if Mr. Perlberg lacks the time to change this.

Thank you for your time and attention,

James Fischer
PO Box 287048
New York, NY 10128
917-628-4052

A copy was emailed to Mr. Perlberg, and sent via US Mail to the Pro-Se unit for Judge Nathan, per her rules.