UNTIED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

JAMES FISCHER,

                            Plaintiff,                          Case No.  15 CV 6266

            v.                                                  Judge Nathan

DEAN ERIC STIGLITZ, LAURIE ANNE
HERBOLDSHEIMER and GOLDEN RULE
HONEY, LLC.,

                            Defendant.

------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS THE AMENDED COMPLAINT**


SPEYER & PERLBERG, LLP
*Attorneys for Defendant,*
*Dean Eric Stiglitz*
115 Broadhollow Road, Suite 250
Melville, New York 11747
Perlberg@speyerperlberg.com
(631) 673-6670

## Table of Contents

**Page**

Table of Authorities........................................................................... ii

Preliminary Statement........................................................................ 1

Facts............................................................................................... 2

The New York Contacts Claimed by Plaintiff.................................... 4

The Standard.................................................................................... 5

Argument

    **Point I –**

        This Court Lacks Personal Jurisdiction Over Defendant ........ 6

        Doing Business Analysis…..…................…..................... 8

        Transacting Business Analysis...................................... 11

        Arising from Analysis................................................. 14

    **Point II –**

        Plaintiff's Remaining Causes of Action For Civil Rights
        Violations, Lanham Act Violations, Tortious Interference,
        And Personal Injury Must Be Dismissed............................ 16

Conclusion...................................................................................... 18

# Table of Authorities

## Cases

Page

Aqua Products v. Smartpool, Inc.,
No 04 Civ 5492, 2005 WL1994013, at *3 (S.D.N.Y. Aug. 18, 2005) ...................... 9

Best Van Lines v. Walker,
490F.3d 239 (2nd Cir. 2007)......................................................................... 7, 12, 13, 14

Brio v. Conde Nast,
2012 U.S. Dist. Lexis 113188; 2012 WL 3262770 (SDNY 2012)............................ 8, 9, 10

Buccellati Holding Italia Spa, v. Laura Buccellati, LLC,
935 F.Supp. 2d 615,622 (S.D.N.Y. 2013) ................................................................ 9

Cantor Fitzgerald, LP v. Peaslee,
88 F3D 152, 157 (2nd Cir 1996) (S.D.N.Y.) ............................................................. 17, 18

G31000 N. Am, Inc. v. Paris,
2014 U.S. Dist. LEXIS 163355 (SDNY 2014) ......................................................... 15, 18

Jacobs v. Felix Bloch,
160 F Supp. 2d, 772, 731 (S.D.N.Y. 2001) .............................................................. 10

Landoil Res. Corp. v. Alexander & Alexander Services, Inc.,
918 F.2d 1039, 1043 (2nd Cir 1991) ...................................................................... 10

Legro v. Irving,
38 A.D.53, 55 (1st Dept. 1971) ............................................................................ 12, 14

Marine Midland Bank N.A. v. Miller,
664 F.2d. 899,904 (2d. Cir. 1981) ......................................................................... 2, 5, 6

Royal Network, Inc. v. Dishant.com.LLC,
638 F.Supp.2d 410 [S.D.N.Y. 2009 ...................................................................... 10

Seldon v. Magedson,
2012 U.S. Dist. LEXIS 14161; 2012 WL 4475274 (SDNY 2012) ............................. 9, 10

Shamoun v. Mushlin,
219, U.S. Dist. LEXIS 45617 (S.D.N.Y. 2014)................................... 2, 5, 13, 17, 18

Sole Resort, S.A.de C.V. v. Allure Resorts Mgmt, LLC,
450 F.3d 100 (2nd Cir. 2006)............................................................................14

*Realuyo v. Villa Abrille,*
2003 WL 2153774 at *6, 2003 U.S. Dist. LEXIS 11529 at *17 (SDNY 2003) ......... 15

*Times v. Sullivan,*
376 U.S. 254 (1964)..................................................................................12

*Yamouskiy v. Eldorado Logistics Sys,*
2006 U.S. Dist. LEXIS 76604, 2006 WL305871 (East. Dist. NY 2006)..................9

## **Other Authorities**

CPLR § 301 ..................................................................................1, 7, 8, 9, 14

CPLR § 302 ..................................................................7, 11, 12, 14, 15, 17, 18

## PRELIMINARY STATEMENT

Defendant, Dean Eric Stiglitz ("Stiglitz") moves to dismiss the amended complaint pursuant to FRCP 12(b)(2) on the grounds that this Court does not have personal jurisdiction upon him. This is a diversity action based upon the alleged defamation made by Defendant against Plaintiff on internet websites (Amended Complaint, 3rd Cause of Action). There are, in addition, causes of action asserted for violations of the plaintiff's civil rights (1st Cause of Action), violations of the Lanham Act (2nd Cause of Action), tortious interference with prospective business advantage (4th Cause of Action) and personal injury (5th Cause of Action). However, all of the claims in all of the causes of action arise from statements made by Stiglitz on the internet that Plaintiff alleges are false and defamatory. Therefore, the action sounds in defamation; and, as the there is no jurisdiction over Stiglitz under the limited New York long arm jurisdiction for defamation claims, the court lacks jurisdiction for all of the claims against Stiglitz.

Plaintiff, James Fischer, ("Fischer") is a New York resident.  Defendant is a resident of the Commonwealth of Massachusetts.  Defendant has submitted an affidavit in support of this motion relating to the jurisdictional facts of this action.  Stiglitz contends that, as a non-resident, New York law would not assert personal jurisdiction over him because he is not "doing business" in the State (CPLR 301), he is not transacting business in this State, and that no claims alleged here arise from New York transactions by Stiglitz (CPLR 301). This is the same affidavit that Stiglitz submitted in support of his motion to dismiss the complaint, which became moot when Plaintiff filed the amended complaint. The amended complaint made changes in the order of the claims and added a claim under the Lanham Act.  But, the jurisdictional issues *vis a vie*

Stiglitz remain the same, and for all of the reasons cited in the motion to dismiss the complaint, the amended complaint should be dismissed against Stiglitz.

If, on the other hand, the Court should determine that the record is not complete, Defendant requests permission to conduct limited discovery related jurisdiction and that a hearing be conducted to assist the Court in deciding the issues related to personal jurisdiction. (See *Marine Midland Bank N.A. v. Miller*, 664 F.2d. 899,904 (2d. Cir. 1981) (The District Court has "considerable procedural leeway" to decide the jurisdiction issue on papers, order discovery or conduct a hearing.)  Also see Judge Nathan's decision in *Shamoun v. Mushlin*, 219, U.S. Dist. LEXIS 45617 (S.D.N.Y. 2014) at * 6.

## FACTS

The Plaintiff and the Defendant are well known beekeepers.  They both have written and lectured on subjects that are of interest to the tens of thousands of beekeepers worldwide.

In 2010, Defendant co-authored a book, entitled "The Complete Idiot's Guide to Beekeeping", which relates his  experiences and recommendations for treatment-free methods to raise healthy, robust bees that are better able to resist diseases, pesticides, habitat loss, environmental pollution, and other challenges, which have threatened bee hives and diminished bee population worldwide, without the intervention of chemicals. The book was published by Alpha Books a Division of Penguin (USA) .  Penguin is located in New York City.  The "author" on the publishing contract was The Golden Rule Honey, LLC, ("Golden Rule") a limited liability company in which Defendant is a member. Defendant signed the publishing contract for Golden Rule in Massachusetts. Golden Rule produces and sells honey through its website, BeeUntoOthers.com. This

2

website may be accessed in New York, but it is directed to the worldwide web. It is not directed to New York and New York residents are not targeted as customers. Defendant's book was advertised on the BeeUntoOthers.com site, but in the relevant time period of 2014 no New York residents had made any purchases of the book in response to the ad.

Plaintiff has been critical of Defendant and his espoused techniques.   In 2010 and again in 2013, Stiglitz published a letter that was purportedly signed by Plaintiff and addressed to the publisher of Siglitz's book.   The letter was highly critical of the book and Stiglitz asked the beekeeping public to comment on the criticism. Plaintiff claims that the letter attributed to him was a forgery; that he did not criticize Stiglitz' book because Stiglitz is not worthy of his time. The website that published the letter attributed to Plaintiff was organicbeekeeper@yahoo.com, which also is accessible worldwide, including New York, but does not target New York residents.

Fischer manufacturers a product called Fischer's Bee Quick, which is used to remove bees from the honey combs and permit harvesting of honey.   Additional defamation claims alleged here arose in an internet discussion group, BeeSouce.com, in August 2014, which ostensibly was discussing the efficacy of Fischer's  product, but included comments by Stiglitz about Fischer.

The Beesource website is a discussion group, hosted by Barry Birkey, from Illinois and is available world-wide.   BeeSource provides a forum for beekeepers to exchange information about bee husbandry and honey production.  On August 24th and 25th, 2014, the discussion turned to the effectiveness of Fisher's Bee Quick. The entire thread, including posts #8 and #17 by defendant, using the pseudonym "deknow", is

3

attached to defendant's affidavit as Exhibit "B" thereto.  As the Court can readily see, the statements made were not defamatory because they were opinion or satire or, as will be shown if or when this matter is litigated in a jurisdiction with personal jurisdiction over him.  Stiglitz will present proof that all statements are truthful.

## THE NEW YORK CONTACTS CLAIMED BY PLAINTIFF

In an effort to create personal jurisdiction over Defendant where none exists, Plaintiff asserted the following contentions:

Amended Complaint paragraph 7:  "Defendants book is published by a publisher in this District, and, on information and belief, Defendant executed a contract with his New York City publisher governed…in accordance with the laws of the State of New York".

Amended Complaint paragraph 8:  "Defendant has traveled to the State of New York and this District multiple times to do business directly related transactions and occurrences giving rise to this action, *inter alia* by traveling to New York multiple times to proselytize about their "philosophy" and to sell both books and honey in person in New York."

Amended Complaint paragraph 9:  "Defendants continuously solicit business from New York residents over the internet via their website "Beeuntoothers.com", by email solicitations, and directly by accepting payment from New York residents…"

As set forth in the Defendant's affidavit submitted herewith, Defendant is sued personally.  The publishing contract was executed by him as a member of Golden Rule Honey, LLC. It was not executed in New York; it was executed in Massachusetts. While the boilerplate of the contract would apply New York Law to interpret the publishing

contract, this fact alone is meaningless.  It does not mean that Defendant consented to apply New York Law to resolve the instant case.

As stated in his affidavit, Defendant traveled to New York exactly two times to address three different groups in responses to invitations to address beekeeping groups.  While Defendant's book was discussed tangentially and offered for sale, these were not book tours the principal purpose of which would be to sell books.

Since there is no claim that Defendant's book contained any of the alleged defamatory statements that are the subject of this action, and since there is no claim that the defamatory statements were made in the course of Defendant's speaking engagements in New York, the alleged defamation did not arise from any New York transaction of business. Thus, they cannot be used to confer personal jurisdiction on Defendant.

## THE STANDARD

Defendant adopts the standard set forth by this Court in *Shamoun v. Mushlin,* 2014 USDC LEXIS 45617, to wit:

### II.    RULE 12(B)(2) LEGAL STANDARDS

Defendants bring a Rule 12(b)(2) motion to dismiss the complaint for lack of personal jurisdiction.   "[P]ersonal jurisdiction over a defendant in a diversity action is determined by reference to the law of the jurisdiction in which the court sits." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985); see* Fed. R. Civ. P. 4(k)(1)(A).  "In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway.   It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981).*

Plaintiffs bear the burden of establishing personal jurisdiction. _Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001),_ through a _prima facie_ case that "plead[s] in good faith legally sufficient allegations in good faith legally sufficient allegations of jurisdiction." _Ball v. Metallurgie Hoboken-Overpelt, S.A. 902 F.2d 194, 197 (2d Cir. 1990)_ (citation omitted). The Court may "consider[] materials outside the pleadings … [in deciding the] motion to dismiss for lack of personal jurisdiction," but must determine whether Plaintiffs "ha[ve], through [their] pleadings and affidavits, made a _prima facie_ showing of personal jurisdiction 'notwithstanding any controverting presentation by" the Defendants. _Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d81, 86 (2d Cir. 2013)_ (quoting _Marine Midland Bank, 664 F.2d at 904)._ The Court accepts Plaintiffs' allegations as true, and construes the pleadings in the light most favorable to Plaintiffs, resolving all doubts in their favor. _DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001)._

## ARGUMENT

## POINT I

## THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT

The alleged defamation, which is the subject of Plaintiff's amended complaint, was made by Defendant, a non-resident of New York, while he was out of the State of New York. Defendant was not "doing business" in this state, he was not "transacting" business in this state when the alleged defamation was made; and, the alleged defamation did not arise from Defendant's transactions of business in this state. Therefore, this Court does not have personal jurisdiction over Defendant and the complaint must be dismissed.

The leading Second Circuit case analyzing personal jurisdiction in a defamation case, where the alleged defamation was made by a non-resident using the internet and

caused damage to a New York resident is *Best Van Lines v. Walker*, 490F.3d 239 (2nd

Cir. 2007).  In *Best*, the defendant was a resident of Iowa, who maintained a not-for-

profit website that provided information about moving companies.   The defendant

posted two defamatory statements on the site that impugned the reputation of the

plaintiff, a New York moving company.  Action for defamation was commenced in the

United States District Court for the Southern District of New York.

The only difference between our case and *Best* is that in our case the alleged

defamation   was   posted   on   a   third-party   owned   and   operated   websites,

Organicbeekeepers and BeeSource.  In *Best*, the defendant posted the "defamation" on

defendant's own website. Otherwise, the jurisdictional analysis is identical.

The threshold question addressed by the Second Circuit was choice of law for

personal jurisdiction.  The court held that initially, the law of the forum state is applied.  If

jurisdiction is found in the forum state, then jurisdiction is reviewed to determine if it is

compatible with due process under the <u>Fourteenth Amendment</u>:

> . . . [W]e look first to the law of the State of New York, in
> which the district court sits. <u>Kronisch v. United States</u>, 150
> F.3d 112, 130 (2d Cir. 1998).  If, but only if, our answer is in
> the affirmative, we must then determine whether asserting
> jurisdiction under the provision would be compatible with
> requirements of due process established under the
> <u>Fourteenth Amendment to the United States Constitution</u>.
> <u>See Int'l Shoe Co. v. Washington, 326 U.S. 310, 315, 66 S.</u>
> <u>Ct. 154, 90 L. Ed. 95 (1945)</u>.

*Best Van Lines,* 490 F.3d at 241.

As in *Best*, the applicable state law for personal jurisdiction in our case is CPLR

§301 (General Jurisdiction) and CPLR §302 (New York's Long Arm Statute).   CPLR

§301 provides: "A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore."

## DOING BUSINESS ANALYSIS

This general jurisdiction statute, CPLR § 301, was analyzed by this court in another website defamation case, *Brio v. Conde Nast*, 2012 U.S. Dist. Lexis 113188; 2012 WL 3262770 (SDNY 2012). Referring to New York Court of Appeals decisions. Judge Oetken held that for New York to find personal jurisdiction over a non-resident corporation there must be a "continuous and systematic course of 'doing business' in the state, Not occasionally or casually, but with a fair measure of permanence and continuity":

> Section 301 of the CPLR empowers a court to "exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." CPLR § 301. Thus a New York corporation remains subject to the general jurisdiction of New York courts. The New York Court of Appeals has also held that "[a] foreign corporation is amenable to suit in New York courts under CPLR 301 if it has engaged in such a continuous and systematic course of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted" Landoil Res. Corp. v. Alexander & Alexander Services, Inc., 77 N.Y.2d 28, 563 N.Y.S.2d 739, 565 N.E.2d 488,, 490 (1990). As then Judge Cardozo explained, in order, to be amenable to general jurisdiction, a defendant must be present in New York" not occasionally or casually, but with a fair measure of permanence and continuity." Tauza v. Susquehanna Coal Corp, 220 N.Y.259, 115 N.E. 915, 917 (1917). The "doing business" standard is "stringent, because a defendant who is found to be doing business in New York in a permanent and continuous manner may be sued in New York on causes of action wholly unrelated to acts done in New York." Holey Soles Holdings, Ltd. v. Foam Creations, Inc. No. 05 Civ. 6893, 2006 U.S. Dist. LEXIS 25880, 2006 WL 1147963, at *3 (S.D.N.Y. May 1, 2006 (citing Overseas Media, Inc. v. Skvortsov, 407 F. Supp. 2d 563, 567-68 (S.D.N.Y. 2006)).

*Brio v. Conde Nast* at * 11 – 12.

The facts considered by New York courts to determine if a non-resident  is "doing business" in New York, for application of CPLR 301 personal jurisdiction are:

> (1)  whether the company has an office in the state;
> (2)  whether it has any bank accounts or other property in  the state;
> (3)  whether it has a phone listing in the state;
> (4)  whether it does public relations work there; and
> (5)  whether it has individuals permanently located in the state to promote its interests.

*Brio v. Conde Nast*, at *11 – 12.

Also: see *Buccellati Holding Italia Spa, v. Laura Buccellati, LLC,* 935 F.Supp. 2d 615,622 (S.D.N.Y. 2013), *Yamouskiy v. Eldorado Logistics Sys*, 2006 U.S. Dist. LEXIS 76604, 2006 WL305871 (East. Dist. NY 2006) at *5; *Seldon v. Magedson*, 2012 U.S. Dist. LEXIS 14161; 2012 WL 4475274 (SDNY 2012) at *16.

In our case, Plaintiff did not allege that any of the five criterion to establish "doing business" in New York applied to Defendant.   Moreover, Defendant submitted his affidavit in support of this motion, specifically denying affirmative answers to each of these criterion.

In addition to the five criterion set forth above, court also will find a non-resident is doing business if the business is solicited in the state "plus". The court in *Brio v. Conde Nast* held: "It is well settled that the solicitation alone, without more, by an out of state defendant is insufficient to find a corporate presence within the state. *Aqua Products v. Smartpool, Inc.* No 04 Civ 5492, 2005 WL1994013, at *3 (S.D.N.Y. Aug. 18,

2005) citing Landoil *Res. Corp. v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039, 1043 (2nd Cir 1991)".  *Brio v. Conde Nast* at *13.

Solicitation plus will be found: "[I]f a defendant's website is 'purposefully directed toward New York or defendant solicits substantial amounts of business from New York on a continuous basis, the there may be a basis for general jurisdiction."  Id. at *15.

Also See *Seldon v. Magedson, supra,* which held:

> . . . Under the "solicitation-plus" test, the exercise of personal jurisdiction is proper only if the solicitation is both substantial and continuous, and the defendant engages in other activities of substance in the state.  Citigroup, 97 F. Supp. 2d at 569 (quoting Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039,, 1043-44 (2d Cir. 1990)).

*Seldon v. Magedson*, at *17

In our case, Stiglitz advertised the sale of his book to the entire internet on the website BeeUntoOthers.com.    If a New York resident responded to the ad and purchased a book (none did), it could be said that the Defendant was soliciting his book in New York.[1]    There was no "solicitation plus" in our case because none of the websites, alleged by Plaintiff to have published the objectionable material were directed at or targeted at New York residents.

Since a finding of doing business in the state by a non-resident would subject him to jurisdiction for all purposes, even those wholly unrelated to his New York activities, the "doing business" standard has been applied "stringently".  *Jacobs v. Felix*

---

[1] (See: *Royal Network, Inc. v. Dishant.com.LLC*, 638 F.Supp.2d 410 [S.D.N.Y. 2009] "The court need not decide whether the activity, either singularly or cumulatively, is sufficient to amount to a 'transaction of business' for purposes of CPLR 302 (a) because even if it could be sufficient, *Royal* provides no evidence that any New York resident actually engaged in any such transactions-e.g., registered with the website or downloaded material from it- or that defendants did anything to indicate their knowing and purposeful transaction with New York visitors" at p. 419-420.)

*Bloch*, 160 F Supp. 2d, 772, 731 (S.D.N.Y. 2001).   By reason of the foregoing, Defendant herein was not  doing business in New York State at the time of the alleged defamation or at any time.

## TRANSACTING BUSINESS ANALYSIS

New York State would provide personal jurisdiction over non-residents who are not doing business, if they are transacting business in the State and the tortuous conduct arose out of the New York State transaction.  Long Arm Jurisdiction is provided in CPLR 302(a):

> Acts which are the basis of jurisdiction.  As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1.     Transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2.     Commits a tortuous act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3.     Commits a tortuous act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> > (i)     regularly does or solicits business, or engages in any other persistent  course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
> >
> > (ii)     expects or should reasonably expect the act to have consequences in the state and derives substantial

11

revenue from interstate or international
commerce; or

4.     Owns, uses or possesses any real
property situated within the state.

In our case it is alleged that the defamation, i.e. tortious conduct, was committed

outside the state and allegedly caused damage inside the state.  Thus, CPLR 302 (a)(3)

would apply, except that CPLR 302 (a)(3) has specific a exception for a "cause of action

for defamation of character".  That leaves only CPLR 302(a)(1) as the sole source of

long arm jurisdiction in our case.  In *Legro v. Irving*, 38 A.D.53, 55 (1st Dept. 1971),

referring to *Times v. Sullivan*, 376 U.S. 254 (1964), the First Department explained the

reasons for excepting defamation claims from New York's long arm statute:

> New York's Appellate Division, First Department, has
> reflected on the reasons for the defamation exception.
> [T]he Advisory Committee intended to avoid
> unnecessary inhibitions on freedom of speech or the
> press.  These important civil liberties are entitled to
> special protections lest procedural burdens shackle
> them.  It did not wish New York to force newspapers
> published in other states to defend themselves in
> states where they had no substantial interests, as the
> New York Times was forced to do in Alabama.

The Second Circuit described the two part test to determine if there is long arm

personal jurisdiction under New York law in a defamation case in *Best Van Lines v.

Walker*, supra:

> . . .To determine the existence of jurisdiction under
> section 302(a)(1), a court must decide (1) whether the
> defendant "transacts any business" in New York and,
> if so (2) whether this cause of action "aris[es] from"
> such a business transaction.  See Deutsche Bank
> Sec., Inc. v. Montana Bd. Of Invs., 7 N.Y.3d 65, 71,
> 850 N.E.3d 1140, 1142, 818 N.Y.S.2d 164, 166

(2006). Courts look to "the totality of the defendant's activities within the forum" <u>Sterling Nat'l Bank & Trust Co. of N.Y. v. Fidelity Mortgage Investors, 510 F.2d 870, 873 (2d Cir. 1975)</u> (citation and internal quotation marks omitted), to determine whether a defendant has "transact[ed] business" in such a way that it constitutes purposeful activity" satisfying the first part of the test, see id. at 874; <u>Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc. 15 N.Y2d 443, 457, 261 N.Y.S.2d 8, 18-19, 209 N.E.2d 68, 75, cert. denied, 382, U.S. 905, 86 S. Ct. 241, 15 L. Ed. 2d 158 (1965)</u>. As for [**20] the second part of the test, "[a] suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the action that occurred in New York." <u>Henderson v. Ins, 157 F.3d 106, 123 (2d Cir. 1998)</u> (internal quotation marks omitted); <u>accord Deutsche Bank, 7 N.Y.3d at 71, 850 N.E.2d at 1142, 818 N.Y.S.2d at 166-67</u>.

_Best_ at *245-246

Also see _Shamoun v. Mushlin_, <u>supra</u> at *13–15.

Setting aside the conclusory allegations of the amended complaint, the factual allegations read together with Defendant's affidavit in support of this motion establish beyond cavil   that no claims of defamation arose from Stiglitz's limited transactions within the State of New York.

It is settled that making the defamatory statement that is transmitted into New York is NOT transacting business. "New York courts construe 'transacts any business within the state' more narrowly in defamation cases than they do in the context of other sorts of litigation....In defamation cases   by contrast, the 'single act' of uttering a defamation, no matter how loudly, is not a 'transaction of business' that may provide the foundation for personal jurisdiction". (_Best_. at *248).

13

Transacting business for the purpose of establishing personal jurisdiction requires purposeful activities in the state.  Accepting invitations to speak in the State of New York on two or three occasions is not that.  At best, these are occasional contacts. Advertising his book on a website that is available world-wide, but not targeting New York residents is not purposeful.  Signing a contract in Massachusetts with a New York City publisher, where there are no allegations that the book was researched, produced, or even marketed in New York is not purposeful (*Legros*, 38 A.D.2d at 55-56).

In view of the foregoing, very limited contacts with New York and the very restrictive interpretation of facts allowed by the New York courts when analyzing transaction of business in defamation cases, it is submitted that Stiglitz did not transaction business in New York for purposes of personal jurisdiction pursuant to CPLR 302(a)(1).

### ARISING FROM ANALYSIS

If Stiglitz were "transacting business" in New York, which is denied, personal jurisdiction pursuant to CPLR 301(a)(1) also requires that the defamation "arises from" the business transactions.

In *Sole Resort, S.A.de C.V. v. Allure Resorts Mgmt*, LLC, 450 F.3d 100 (2nd Cir. 2006) the court summarized New York State holdings in regard to the "arising from" requirement.  Under CPLR 302(a)(1) "New York courts have held that a claim 'aris[es] from' a particular transaction when there is some articulable nexus between the business transacted and the cause of action sued upon"  [citation omitted] or when 'there is a substantial relationship between the transaction and the claim asserted". *Sole Resorts*, 450 F.3d *103.

14

The courts have held that to confer personal jurisdiction, the defamation sued upon must arise from the particular transaction that took place in New York.  In *G31000 N. Am, Inc. v. Paris*, 2014 U.S. Dist. LEXIS 163355 (SDNY 2014), the court held that there was no personal jurisdiction based on defendants' providing consulting services to New York clients because the defamation did not arise from the consulting services. Also see *Realuyo v. Villa Abrille*, 2003 WL 2153774 at *6, 2003 U.S. Dist. LEXIS 11529 at *17 (SDNY 2003).

In our case, the alleged New York contacts were (a) signing a publishing contract with a New York publisher, (b) advertising the sale of said book on an internet website that did not target New York residents, but could be read in New York, and (c) accepting and appearing at two or three separate occasions at beekeeping groups in which Plaintiff alleges that the book was being promoted.  It is undisputed that no defamatory statements were made in defendant's book, in his website advertisement or at his speaking engagements.  The alleged defamation made was made on public, internet, websites, Organicbeekeeper and Beesource, which were not directed toward New York residents.  Therefore, the alleged defamation did not arise from a New York transaction.

A frequently cited Court of Appeals decision which elucidates the "arising from" requirement of CPLR 302(a)(1) is *Talbot v. Johnson Newspapers Corp.*, 71 N.Y.2d 827 (1988).  A California resident whose daughter had attended school in New York wrote two letters while in California to the New York school in which he stated that his daughter had observed the plaintiff, a school athletic coach, drunk at a fraternity party. One of the letters was published in a local newspaper that also quoted a telephone interview with the student, daughter and co-defendant. The court held that there was no

personal jurisdiction over the father or daughter because, even if attending school in New York could be "purposeful activity", the defamation did not arise from that activity. It arose from the letters which were not purposeful conduct in the state. Hence, arising from requires that the defamation arise from the particular New York activity, which is demonstrably missing in our case.

In *Best* the court found there was no personal jurisdiction over defendant who made allegedly defamatory statements in a website posting because, *inter alia* "the nature of Walker's comments do not suggest that they were purposefully directed to New York State rather than a nationwide audience.  The identical situation is true in our case.

Accordingly, the complaint must be dismissed for failure to obtain personal jurisdiction over Stiglitz.

## POINT II

### PLAINTIFF'S REMAINING CAUSES OF ACTION FOR CIVIL RIGHTS VIOLATIONS, LANHAM ACT VIOLATONS, TORTIOUS INTERFERENCE, AND PERSONAL INJURY MUST BE DISMISSED

In the initial complaint, the First Cause of Action, designated the "First Complaint" was "Libel Per Se". This was replaced in the Amended Complaint with the Third Cause of Action for Defamation Per Se. The remaining causes of action are the same as the initial complaint with the exception of the fact that the Lanham Act violation is new and the unjust enrichment cause of action of the initial complaint was dropped. It is apparent that Plaintiff hoped to change the essential nature of this suit from a defamation suit, with limited long arm jurisdiction to something else by burying the defamation claim in the middle of the other claims. Unfortunately for Plaintiff, the sequence of the causes of

16

action is irrelevant to this Court's determination that the action "sounds in defamation",
and therefore subject to the jurisdictional limitations for all of the causes of action. This
action sounds in defamation because the only conduct complained of is the multiple
internet statements about Mr. Fischer. If these statements were true or not defamatory
none of the other causes of action would survive.

The leading Second Circuit on this point is *Cantor Fitzgerald, LP v. Peaslee*, 88
F3D 152, 157 (2nd Cir 1996) (S.D.N.Y.), wherein many of the same causes of action
asserted by Plaintiff here were tacked on to the plaintiff's defamation cases. The court
held that the entire Complaint "sounds in defamation" and all causes of actions must be
dismissed for lack of personal jurisdiction:

> [A]lthough plaintiffs have nominally alleged torts other than
> defamation, ' plaintiff's may not evade the statutory
> exception by recasting their cause of action as something
> other than defamation 'Cantor Fitzgerald, L.P. V. Peaslee,
> 88 F3d 152, 157 (2d. Cir 1996) claims that 'sound [  ] in
> defamation are also excluded from sections 302 (a)(2) and
> 302(a)(3) Id. In this case as in Cantor Fitzgerald, the entire
> Complaint sounds in defamation.'

As in our case, the plaintiff in *Shamoun v. Mushlin*, 2014 USDC LEXIS 45617,
attempted to evade the effect of the defamation exception to New York's long arm
jurisdiction by asserting other causes of action.  Collecting cases, this Court held that an
action that is based on allegations that the defendant published false statements about
him on line is a defamation case and the limitation on long arm jurisdiction applies to all
of the related causes of action:

> Plaintiffs attempt to evade the express exception for
> defamation actions and establish jurisdiction through *CPLR
> sections 302(a)(2)* and *302(a)(3)* by asserting other tort
> claims, including intentional infliction of emotional distress,
> outrageous conduct, defamation *per se*, and false light, all

17

based on allegations that the Defendants published false claims about Plaintiffs online. *See* AC ¶¶ 40-79; Pls.' Mem. 29-30. However, it is well-established that Plaintiffs cannot evade this exception by recasting their defamation claims as other torts. *See Cantor Fitzgerald, LP. v. Peaslee, 88 F.3d 152, 157 (2d Cir. 1996)* ("All of plaintiffs' claims are based upon [the] alleged defamatory statements. Plaintiffs may not evade the statutory exception by recasting their cause of action as something other than defamation.:) (citing *Jolivet v. Crocker, 859 F. Supp. 62, 65 (E.D.N.Y. 1994)* ("[Because] these claims are based on the alleged defamatory letter,... § 302(a)(3) cannot serve to supply a basis for personal jurisdiction. To rule otherwise would provide a facile means for plaintiffs ... to evade the statutory defamation exception ...")); *American Radio Ass'n, AFL-CIO v. A.S. Abell Co., 58 Misc. 21d 483, 296 N.Y.S.2d 21, 23 (N.Y.Sup. Ct. 1968)* ("[P]laintiffs' attempt to convert the alleged tort from defamation to something else must be rejected as spurious."). All of the Plaintiffs' claims are factually based upon the allegedly defamatory statements published online, so the defamation exception applies and neither *section 302(a)(2)* nor *section 302(a)(3)* can support personal jurisdiction over the Defendants.

*Shaumoun* at *11-13.

Also see *G31000 N. Am, Inc. v. Paris,* 2014 USDC LEXIS 163355.

Plaintiff may not be allowed to sidestep the limitations on personal jurisdiction for defamation by merely calling it by another name. Accordingly, for the identical reasons set forth by the Court in *Cantor Fitzgerald,* and *Shamoun v. Mushlin,* the entire complaint in the instant case must be dismissed.

## CONCLUSION

The amended complaint must be dismissed because Plaintiff failed to obtain personal jurisdiction over Defendant. In the alternative, should the Court conclude that additional discovery and a hearing is needed before ruling on the jurisdiction issues, Defendant requests that same be ordered as soon as possible.

Dated:  Melville, New York
        November 16, 2015

                              Respectfully yours,

                              SPEYER & PERLBERG
                              Attorneys for Defendant

                        By:
                              Dennis M. Perlberg, Esq. (DP 9514)
                              115 Broadhollow Road, Suite 250
                              Melville, New York 11747
                              Perlberg@speyerperlberg.com
                              (631) 673-6670

TO:   JAMES FISCHER
      *Pro Se*
      Box 287048
      New York, New York 10128

S:\CURRENT\DMP\Stiglitz\Legal\Motions\Motion to Dismiss\Memo of Law to Dismiss AMENDED COMPLAINT.docx