UNTIED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

JAMES FISCHER,

              Plaintiff,                   Case No.  15 CV 6266 – AJN-AJP

    v.                                        Judge Nathan

DEAN ERIC STIGLITZ,
LAURIE ANNE HERBOLDSHEIMER,
GOLDEN RULE HONEY, LLC,

              Defendants.

-----------------------------------------------------------------x

## PERLBERG DECLARATION IN SUPPORT OF MOTION
## BY HERBOLDSHEIMER AND GOLDEN RULE HONEY
## TO DISMISS THE COMPLAINT

      Dennis M. Perlberg, an attorney admitted to practice before this court declares, pursuant to the provisions of 28 U.S.C. §1746, as follows:

      1.     I am a member of Speyer & Perlberg, LLP, attorneys for defendants in the above action. This declaration is submitted in support of the motions by defendants Laurie Herboldshimer (hereinafter referred to as "Herboldshimer") and Golden Rule Honey LLC (hereinafter referred to as "Golden Rule").  Prior to November 17, 2015, this firm was counsel for only the first named defendant, Dean Eric Stiglitz (hereinafter referred to as "Stiglitz").  On November 17th, on behalf of Stiglitz, we moved to dismiss the complaint against Siglitz on the grounds that this court does not have personal jurisdiction over him due to the limitations of New York's long arm statute. The instant motion (which could not be made at the same time as the Stiglitz motion because the *pro se* plaintiff refused to agree to an extension of time to move until our representation of co-defendants could be formalized) is on the same grounds for Herboldshimer and

Golden Rule as we asserted for Stiglitz. Herboldshimer moves on the additional ground that the complaint fails to state a claim upon which relief may be granted.

2. This is the fifth pre-answer motion made in this case. Plaintiff moved for a preliminary injunction against Stiglitz before he served his complaint. Stiglitz opposed, and that motion is pending. Stiglitz moved to dismiss the complaint for failure to obtain personal jurisdiction against him. Plaintiff moved to dismiss the motion on the grounds that Stiglitz perjured himself. The Court denied that motion *sua sponte*. In lieu of opposing Stiglitz's motion to dismiss, Plaintiff amended the complaint and joined Herboldshimer and Golden Rule as party defendants. As stated above, Stiglitz moved to dismiss the amended complaint against him on the grounds that the Court lacks personal jurisdiction, reserving all substantive grounds for dismissal after issue is joined.

3. The instant motion is directed to the amended complaint on behalf of the added defendants.

4. As is set forth in the affidavit and memorandum of law submitted herewith, Herboldshimer and Golden Rule submit that this action sounds in defamation, notwithstanding that there are four additional causes of action alleged and, as such, the limitations of the long arm statute for defamation suits in New York apply to vitiate personal jurisdiction over them.

5. Herboldshimer moves on the additional ground that the only basis for claiming against her is that she was a member of Golden Rule, a limited liability company. The law is identical in New York and in Massachusetts that a member of a limited liability company is not liable for the torts of the company or of the other members.

6. Annexed hereto as **Exhibit 1** is a true copy of the Amended Complaint.

Dated: Melville, New York
December 4, 2015

                                       SPEYER & PERLBERG
                                       Attorneys for Defendants

By: _____
       Dennis M. Perlberg, Esq. (DP 9514)
       115 Broadhollow Road, Suite 250
       Melville, New York 11747
       Perlberg@speyerperlberg.com
       (631) 673-6670

TO: JAMES FISCHER
Plaintiff *Pro Se*
Box 287048
New York, New York 10128

S:\CURRENT\DMP\Stiglitz\Legal\Motions\Motion to Dismiss Amended Compaint Herboldsheimer & Golden Rule\Perlberg Declaration in Support of Motion by LRH and Golden Rule .docx

3