UNTIED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

JAMES FISCHER,

                      Plaintiff,                       Case No.  15 CV 6266

              v.                                    Judge Nathan

DEAN ERIC STIGLITZ, LAURIE ANNE
HERBOLDSHEIMER and GOLDEN RULE
HONEY, LLC.,

                       Defendant.

----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT BY HERBOLDSHEIMER AND GOLDEN RULE

SPEYER & PERLBERG, LLP
*Attorneys for Defendants,*
*Dean Eric Stiglitz,*
*Laurie Anne Herboldsheimer*
*and Golden Rule Honey, LLC*
115 Broadhollow Road, Suite 250
Melville, New York 11747
Perlberg@speyerperlberg.com
(631) 673-6670

## Table of Contents

**Page**

Table of Authorities.................................................................. ii

Preliminary Statement............................................................. 1

Facts....................................................................................... 3

The New York Contacts Claimed by Plaintiff........................... 6

The Standard.......................................................................... 7

Argument

    **Point I** –

        This Court Lacks Personal Jurisdiction Over
        Herboldsheimer and Golden Rule........................................ 8

        Doing Business Analysis................................................... 10

        Transacting Business Analysis........................................ 13

        Arising from Analysis...................................................... 16

    **Point II** –

        Plaintiff's Remaining Causes of Action For Civil Rights
        Violations, Lanham Act Violations, Tortious Interference,
        And Personal Injury Must Be Dismissed............................ 19

    **Point III** –

        The Amended Complaint Fails To State A Claim
        Against Herboldsheimer ................................................ 21

Conclusion............................................................................ 23

# Table of Authorities

## Cases

Page

*Aqua Products v. Smartpool, Inc.,*
No 04 Civ 5492, 2005 WL1994013, at *3 (S.D.N.Y. Aug. 18, 2005) ...................... 12

*Best Van Lines v. Walker,*
490F.3d 239 (2nd Cir. 2007)................................................................ 9, 10, 14,
........................................................................................................ 15, 18

*Biro v. Conde Nast,*
2012 U.S. Dist. Lexis 113188; 2012 WL 3262770 (SDNY 2012)............................ 10, 11, 12

*Buccellati Holding Italia Spa, v. Laura Buccellati, LLC,*
935 F.Supp. 2d 615,622 (S.D.N.Y. 2013)............................................... 11

*Cantor Fitzgerald, LP v. Peaslee,*
88 F3D 152, 157 (2nd Cir 1996) (S.D.N.Y.) .......................................... 19, 20, 21

*Evans v. Multicom Construction Corp.,*
30 Mass. App. Ct. 728, 736 (1991) ...................................................... 22

*G31000 N. Am, Inc. v. Paris,*
2014 U.S. Dist. LEXIS 163355 (SDNY 2014) ......................................... 17, 21

*Jacobs v. Felix Bloch,*
160 F Supp. 2d, 772, 731 (S.D.N.Y. 2001)............................................ 13

*Landoil Res. Corp. v. Alexander & Alexander Services, Inc.,*
918 F.2d 1039, 1043 (2nd Cir 1991)..................................................... 10, 12

*Legro v. Irving,*
38 A.D.53, 55 (1st Dept. 1971) ............................................................ 14

*Marine Midland Bank N.A. v. Miller,*
664 F.2d. 899,904 (2d. Cir. 1981)........................................................ 3, 8

*Musi v. Gloster Boat Bldg.Co.*
2013 Mass App.Div Lexis 9, 213 Mass App 18, 2012 WL 7667008 ...................... 21

*Seldon v. Magedson,*
2012 U.S. Dist. LEXIS 14161; 2012 WL 4475274 (SDNY 2012)............................ 11, 12

*Shamoun v. Mushlin*,
219, U.S. Dist. LEXIS 45617 (S.D.N.Y. 2014) ........................................................ 3, 7, 15
...................................................................................................................................... 20, 21

*Sole Resort, S.A.de C.V. v. Allure Resorts Mgmt*, LLC,
450 F.3d 100 (2nd Cir. 2006)............................................................................................ 16, 17

*Realuyo v. Villa Abrille*,
2003 WL 2153774 at *6, 2003 U.S. Dist. LEXIS 11529 at *17 (SDNY 2003) ......... 17

*Smith v. Shining Rock Golf Comty, LLC*,
2007 Mass. Super LEXIS 222;2007 WL 21109558 ............................................... 22

*Talbot v. Johnson Newspapers Corp.*,
71 N.Y.2d 827 (1988) ............................................................................................... 18

*Times v. Sullivan*,
376 U.S. 254 (1964) ................................................................................................. 14

*Yamouskiy v. Eldorado Logistics Sys*,
2006 U.S. Dist. LEXIS 76604, 2006 WL305871 (East. Dist. NY 2006) ................. 11

## Other Authorities

CPLR § 301 ............................................................................................................. 2, 10,
...................................................................................................................................... 11, 16

CPLR § 302 ............................................................................................................. 10, 13,
...................................................................................................................................... 14, 15,
...................................................................................................................................... 16, 18,
...................................................................................................................................... 20

FRCP 12 (b)(6) ........................................................................................................ 1

General Law 156 C § 22 ......................................................................................... 21

NYCLS LLC 609 ...................................................................................................... 22

## PRELIMINARY STATEMENT

Defendants, Laurie Herboldsheimer (hereinafter "Herboldsheimer") and Golden Rule Honey, LLC (hereinafter "Golden Rule") move to dismiss the amended complaint pursuant to FRCP 12(b)(2) on the grounds that this Court does not have personal jurisdiction upon them and for Herboldsheimer alone, pursuant to FRCP 12 (b)(6) on the additional ground that the amended complaint fails to state a claim upon which relief can be granted.

This is a diversity action based upon the alleged defamation made by co-defendant Dean Eric Stiglitz (hereinafter "Stiglitz") on internet websites (Amended Complaint, 3rd Cause of Action). On November 16, 2015,Stiglitz moved to dismiss the amended complaint against him on grounds that this Court does not have personal jurisdiction over him. Stiglitz's motion is presently pending. It was made before this office was retained to represent the moving defendants and we were unable to obtain a stipulation from the plaintiff, James Fischer (hereafter "Fischer") to extend Stiglitz's time to move while the issues of insurance coverage and conflict of interest related to our representation of Herboldsheimer and Golden Rule could be resolved. Hence, although the grounds asserted in  this motion for dismissal of the amended complaint against Herboldsheimer and Golden Rule are essentially the same as those asserted in Stiglitz' motion, Fischer's refusal to stipulate prevented us from combining the two motions. In view of the overlapping issues, it is requested that the court consolidate the two motions and decide them together.

There are, in addition to the defamation claims, causes of action asserted in the amended complaint for violations of the plaintiff's civil rights (1st Cause of Action),

1

violations of the Lanham Act (2nd Cause of Action), tortious interference with prospective business advantage (4th Cause of Action) and personal injury (5th Cause of Action). However, all of the claims in all of the causes of action arise from statements made by Stiglitz on the internet that Plaintiff alleges are false and defamatory. If these statements were not made, or if it is proven that they are truthful, all of the non-defamation claims will fail.  Therefore, the action "sounds in defamation"; and, as the there is no jurisdiction over defendants for the defamation claim, under the limited New York long arm jurisdiction for defamation claims, the court lacks jurisdiction for all of the claims against defendants.

Fischer is a New York resident.   Defendants are all residents of the Commonwealth of Massachusetts.  Stiglitz has submitted an affidavit in support of this motion relating to the jurisdictional facts of this action.  As indicated below, New York law, which is applicable in this diversity case, restricts personal jurisdiction over non-residents in a defamation case to those who are "doing business" in the State (CPLR 301), or "transacting business" in the State and then only if the defamation arises from the New York transactions of business (CPLR 301). As set forth below, none of the defendants in this action were either doing business or transacting business in New York and, the alleged defamation did not arise from the transaction of business in New York. Therefore, this Court lacks personal jurisdiction over the movants and the action must be dismissed.

In the alternative, should the Court determine that the record is not complete, Defendants request permission to conduct limited discovery related jurisdiction and that a hearing be conducted to assist the Court in deciding the issues related to personal

jurisdiction. (See *Marine Midland Bank N.A. v. Miller,* 664 F.2d. 899,904 (2d. Cir. 1981) (The District Court has "considerable procedural leeway" to decide the jurisdiction issue on papers, order discovery or conduct a hearing.)  Also see Judge Nathan's decision in *Shamoun v. Mushlin*, 219, U.S. Dist. LEXIS 45617 (S.D.N.Y. 2014) at * 6.

Finally, as set forth above, if the court retains jurisdiction, Herboldsheimer moves for a dismissal on the grounds that the amended complaint fails to state a claim against her as a matter of law and that the amended complaint must be dismissed against her.

## **FACTS**

The Plaintiff and the Defendants, Stiglitz and Herboldsheimer are well known beekeepers.  All three have written and lectured on subjects that are of interest to the tens of thousands of beekeepers worldwide.

In 2010, Stiglitz and Herboldsheimer co-authored a book, entitled "The Complete Idiot's Guide to Beekeeping", which relates their experiences and recommendations for treatment-free methods of raising healthy, robust bees that are better able to resist diseases, pesticides, habitat loss, environmental pollution, and other challenges, which have threatened beehives and diminished bee populations worldwide, without the intervention of chemicals.

The book was published by Alpha Books a Division of Penguin (USA).  Penguin is located in New York City. The book itself was not research developed or produced in New York.  Golden Rule was designated as the author on the publishing contract. Defendants signed the publishing contract in Massachusetts.

Golden Rule is a limited liability company owned and managed by Stiglitz and Herboldsheimer on a 50/50 basis. The company is registered in Massachusetts, which

its sole place of business. It is in good standing and is afforded the rights and protections of its statutorily created existence, including freedom from personal liability by its members from torts of other members.   Golden Rule is in the business of producing honey with its own beehives for retail sales. In addition, it purchases honey from three producers, packages and sells honey through its website, BeeUntoOthers.com. This website is accessible in New York, but it is directed to the worldwide web. It is not directed to New York and New York residents are not targeted as customers.

One of the three honey producers that sells to Golden Rule is located in the State of New York, however, Golden Rule makes only one purchase a year from this producer and the transaction takes place in Vermont, where the product is delivered. The New York honey represents a small percentage of Golden Rule's sales. And, since it occurs only once a year in Vermont, the purchasing of New York honey is not a permanent, continuous contact with New York.

Golden Rule has, on occasion, sold its honey through three New York retailers referenced by Fischer in his prior motion papers. Two of the retailers were sold one or two shipments in 2010 and 2011 for $2,500 combined, which was not repeated. The third was sold to a retailer for two holiday boutiques between Thanksgiving and Christmas in 2011 and 2012.  Thus, Golden Rule's honey was for sale for a total of approximately 8 weeks in New York City over a two year period three years ago. None of these sales were continuous or permanent New York contacts.

Defendant's book was advertised on the BeeUntoOthers.com site, but in the relevant time period of 2014 no New York residents made any purchases of the book in

response to the ad. There are no allegations that there were any defamatory statements made in Defendants' book and no defamatory statements are alleged to have been carried on the BeeUntoOthers website.

Plaintiff has been critical of Stiglitz and his espoused techniques for raising bees. In 2010 and again in 2013, Stiglitz posted a copy of a letter that was purportedly signed by Plaintiff with a typed signature and addressed to the Defendants' publisher. The letter was critical of the book and demanded that it be re-written. Stiglitz's response was to post the letter on the internet and ask the beekeeping public to comment on the criticism. He did so in 2010 and again in 2013. Plaintiff claims that the letter attributed to him was a forgery and that it was defamatory; that he did not criticize Stiglitz' book because Stiglitz is not worthy of his time. The website that published the letter attributed to Plaintiff was organicbeekeeper@yahoo.com, (hereinafter 'the Yahoo website") which also is accessible worldwide, including New York, but does not target New York residents.

Fischer manufacturers a product called Fischer's Bee Quick, which is used to remove bees from honeycombs to facilitate the harvesting of honey. Additional defamation claims alleged here arose in August 2014 in an internet discussion group named BeeSouce.com. The alleged defamation appears in a discussion about the efficacy of Bee Quick and included comments by Stiglitz about Fischer.

Beesource is hosted by Barry Birkey, from Illinois and is available world-wide. BeeSource provides a forum for beekeepers to exchange information about bee husbandry and honey production. The entire thread, on BeeSource, including August 2014 posts #8 and #17 by Stiglitz, using the pseudonym "Deknow", is attached to

Stiglitz's affidavit submitted herewith.   As the Court can readily see, the statements made by Stiglitz were not defamatory because they were opinions or satire; and, moreover, Defendants maintain that they are truthful. There are no defamatory statements attributed to Herboldsheimer or Golden Rule.

### THE NEW YORK CONTACTS CLAIMED BY PLAINTIFF

In an effort to create personal jurisdiction over movants where none exists, Plaintiff asserted the following contentions:

Amended Complaint paragraph 7:  "Defendants' book is published by a publisher in this District, and Defendants executed a contract with their New York City publisher governed…in accordance with the laws of the State of New York".

Amended Complaint paragraph 8:   "Defendants have traveled to the State of New York and this District multiple times to do business directly related transactions and occurrences giving rise to this action, inter alia by traveling to New York multiple times to proselytize about their "philosophy" and to sell both books and honey in person in New York."

Amended Complaint paragraph 9:   "Defendants continuously solicit business from New York residents over the internet via their website "Beeuntoothers.com", by email solicitations, and directly by accepting payment from New York residents…"

As set forth in Stiglitz's affidavit submitted herewith, the publishing contract was executed by Defendants as members of Golden Rule Honey. It was not executed in New York. it was executed by them in Massachusetts. The boilerplate of the contract applies York Law to interpret the publishing contract in a dispute between the publisher

and the author.   This contract does not provide consent to apply New York Law to resolve the instant case.

As stated in his affidavit, Stiglitz and Herboldsheimer traveled to New York exactly two times to address three different beekeeping groups in responses to invitations from the groups.  They did not solicit the invitations.  While Defendants' book was discussed and offered for sale, these were not book tours the principal purpose of which would be to sell books.

Even if the speaking engagements could be considered "transactions of business" (which is denied), since there is no claim that the defamatory statements were made in the course of the speaking engagements, the alleged defamation did not arise from a New York transaction of business. Thus, the New York speaking engagements to beekeeper groups cannot be used to confer personal jurisdiction on Herboldsheimer or Golden Rule.

Finally, as set forth in the Stiglitz affidavit submitted herewith, the New York contacts of Golden Rule Honey in buying and selling honey were minimal and occasional at best. They were not continuous or permanent by any means. Thus, Golden Rule does not do business in New York, as this phrase is defined in the applicable jurisdictional statutes and case law.

## THE STANDARD

Defendants adopt the standard set forth by this Court in *Shamoun v. Mushlin,* 2014 USDC LEXIS 45617, to wit:

## II.    RULE 12(B)(2) LEGAL STANDARDS

Defendants bring a Rule 12(b)(2) motion to dismiss the complaint for lack of personal jurisdiction.   "[P]ersonal jurisdiction over a defendant in a diversity action is determined by reference to the law of the jurisdiction in which the court sits."   *Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985); see* Fed. R. Civ. P. 4(k)(1)(A).   "In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway.   It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion."   *Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981).*

Plaintiffs bear the burden of establishing personal jurisdiction.   *Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001),* through a *prima facie* case that "plead[s] in good faith legally sufficient allegations in good faith legally sufficient allegations of jurisdiction."   *Ball v. Metallurgie Hoboken-Overpelt, S.A. 902 F.2d 194, 197 (2d Cir. 1990)* (citation omitted).   The Court may "consider[] materials outside the pleadings … [in deciding the] motion to dismiss for lack of personal jurisdiction," but must determine whether Plaintiffs "ha[ve], through [their] pleadings and affidavits, made a *prima facie* showing of personal jurisdiction 'notwithstanding any controverting presentation by" the Defendants. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 86 (2d Cir. 2013)* (quoting *Marine Midland Bank, 664 F.2d at 904).*   The Court accepts Plaintiffs' allegations as true, and construes the pleadings in the light most favorable to Plaintiffs, resolving all doubts in their favor. *DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001).*

## ARGUMENT

## POINT I

### THIS COURT LACKS PERSONAL JURISDICTION OVER HERBOLDSHEIMER AND GOLDEN RULE

The alleged defamation, which is the subject of Plaintiff's amended complaint, was made by Stiglitz, a non-resident of New York, while he was out of the State of New York.  None of the Defendants were "doing business" or "transacting business" in this

State when the alleged defamation was made; and, it is undisputed that the alleged defamation did not arise from Defendants' transactions of business in this state. Therefore, this Court does not have personal jurisdiction over Defendants and the complaint must be dismissed.

The leading Second Circuit case analyzing personal jurisdiction in a defamation case, where the alleged defamation was made by a non-resident using the internet and caused damage to a New York resident is *Best Van Lines v. Walker*, 490F.3d 239 (2nd Cir. 2007). In *Best*, the defendant was a resident of Iowa, who maintained a not-for-profit website that provided information about moving companies. The defendant posted two defamatory statements on the site that impugned the reputation of the plaintiff, a New York moving company. Action for defamation was commenced in the United States District Court for the Southern District of New York.

The difference between our case and *Best* is that in our case the alleged defamation was posted on third-party owned and operated public websites, the Yahoo website and BeeSource. In *Best,* the defendant posted the defamation on defendant's own website. Otherwise, the jurisdictional analysis is identical.

The threshold question addressed by the Second Circuit was the choice of law for personal jurisdiction. The court held that initially, the law of the forum state is applied. If jurisdiction is found in the forum state, then jurisdiction is reviewed to determine if it is compatible with due process under the <u>Fourteenth Amendment</u>:

> . . . [W]e look first to the law of the State of New York, in which the district court sits. <u>Kronisch v. United States</u>, 150 F.3d 112, 130 (2d Cir. 1998). If, but only if, our answer is in the affirmative, we must then determine whether asserting jurisdiction under the provision would be compatible with requirements of due process established under the

9

<u>Fourteenth Amendment to the United States Constitution</u>.
<u>See Int'l Shoe Co. v. Washington, 326 U.S. 310, 315, 66 S.</u>
<u>Ct. 154, 90 L. Ed. 95 (1945)</u>.

*Best Van Lines,* 490 F.3d at 241.

As in *Best*, the applicable state law for personal jurisdiction in our case is CPLR

§301 (General Jurisdiction) and CPLR §302 (New York's Long Arm Statute).   CPLR

§301 provides: "A court may exercise such jurisdiction over persons, property, or status

as might have been exercised heretofore."

## <u>DOING BUSINESS ANALYSIS</u>

This general jurisdiction statute, CPLR § 301, was analyzed by this court in

another internet, website defamation case, *Biro v. Conde Nast,* 2012 U.S. Dist. Lexis

113188; 2012 WL 3262770 (SDNY 2012).   Referring to New York Court of Appeals

decisions. Judge Oetken held that for New York to find personal jurisdiction over a non-

resident corporation there must be a "continuous and systematic course of 'doing

business' in the state, Not occasionally or casually, but with a fair measure of

permanence and continuity":

> <u>Section 301 of the CPLR</u> empowers a court to "exercise
> such jurisdiction over persons, property, or status as might
> have been exercised heretofore." <u>CPLR § 301</u>. Thus a New
> York corporation remains subject to the general jurisdiction
> of New York courts.   The New York Court of Appeals has
> also held that "[a] foreign corporation is amenable to suit in
> <u>New York</u> courts under CPLR 301 if it has engaged in such a
> continuous and systematic course of 'doing business' here
> that a finding of its 'presence' in this jurisdiction is warranted"
> <u>Landoil Res. Corp. v. Alexander & Alexander Services, Inc.,</u>
> 77 N.Y.2d 28, 563 N.Y.S.2d 739, 565 N.E.2d 488,, 490
> (1990).   As then Judge Cardozo explained, in order, to be
> amenable to general jurisdiction, a defendant must be
> present in New York" not occasionally or casually, but with a
> fair measure of permanence and continuity." <u>Tauza v.</u>
> <u>Susquehanna Coal Corp</u>, 220 N.Y.259, 115 N.E. 915, 917

(1917).   The "doing business" standard is "stringent, because a defendant who is found to be doing business in New York in a permanent and continuous manner may be sued in New York on causes of action wholly unrelated to acts done in New_York." Holey Soles Holdings, Ltd. v. Foam Creations, Inc. No. 05 Civ. 6893, 2006 U.S. Dist. LEXIS 25880, 2006 WL 1147963, at *3 (S.D.N.Y. May 1, 2006 (citing Overseas Media, Inc. v. Skvortsov, 407 F. Supp. 2d 563, 567-68 (S.D.N.Y. 2006)).

Biro v. Conde Nast at * 11 – 12.

The facts considered by New York courts to determine if a non-resident  is "doing business" in New York, for application of CPLR 301 personal jurisdiction are:

    (1)   whether the company has an office in the state;
    (2)   whether it has any bank accounts or other property in  the state;
    (3)   whether it has a phone listing in the state;
    (4)   whether it does public relations work there; and
    (5)   whether it has individuals permanently located in the state to promote its interests.

Biro v. Conde Nast, at *11 – 12.

Also: see Buccellati Holding Italia Spa, v. Laura Buccellati, LLC, 935 F.Supp. 2d 615,622 (S.D.N.Y. 2013), Yamouskiy v. Eldorado Logistics Sys, 2006 U.S. Dist. LEXIS 76604, 2006 WL305871 (East. Dist. NY 2006) at *5; Seldon v. Magedson, 2012 U.S. Dist. LEXIS 14161; 2012 WL 4475274 (SDNY 2012) at *16.

In our case, Plaintiff did not allege that any of the five criterion to establish that Herboldsheimer or Golden Rule were "doing business" in New York. Moreover, Defendants submitted Stiglitz's affidavit in support of this motion, specifically denying affirmative answers to each of these criterion.

In addition to the five criteria set forth above, a non-resident may be deemed to be doing business if the business is solicited in the State "plus". The court in *Biro v. Conde Nast* held: "It is well settled that the solicitation alone, without more, by an out of state defendant is insufficient to find a corporate presence within the state. *Aqua Products v. Smartpool, Inc.* No 04 Civ 5492, 2005 WL1994013, at *3 (S.D.N.Y. Aug. 18, 2005) citing *Landoil Res. Corp. v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039, 1043 (2nd Cir 1991)". *Biro v. Conde Nast* at *13.

Solicitation plus will be found: "[I]f a defendant's website is 'purposefully directed toward New York or defendant solicits substantial amounts of business from New York on a continuous basis, the there may be a basis for general jurisdiction." Id. at *15.

Also See *Seldon v. Magedson, supra,* which held:

> . . . Under the "solicitation-plus" test, the exercise of personal jurisdiction is proper only if the solicitation is both substantial and continuous, and the defendant engages in other activities of substance in the state.  Citigroup, 97 F. Supp. 2d at 569 (quoting Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039,, 1043-44 (2d Cir. 1990)).
>
> *Seldon v. Magedson*, at *17

In our case, Golden Rule advertised the sale of honey and the sale of Defendants' book to the entire internet on the website BeeUntoOthers.com.   If New York residents responded to the ad and purchased product from Golden Rule, that may be considered solicitation in New York. However, there is nothing in addition to said advertisements, which were directed to the world wide web (not to New York) to satisfy the solicitation plus standard.

Since a finding of doing business in the State by a non-resident would subject her/it to jurisdiction for all purposes, even those wholly unrelated to New York activities, the "doing business", this standard has been applied "stringently". *Jacobs v. Felix Bloch*, 160 F Supp. 2d, 772, 731 (S.D.N.Y. 2001).   By reason of the foregoing, Herboldsheimer and Golden Rule were not doing business in New York State at the time of the alleged defamation or at any time.

## TRANSACTING BUSINESS ANALYSIS

New York State would provide personal jurisdiction over non-residents who are not doing business, if they are transacting business in the State and the tortiuous conduct arose out of the New York State transaction.  Long Arm Jurisdiction is provided in CPLR 302(a):

> Acts which are the basis of jurisdiction.  As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1.     Transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2.     Commits a tortuous act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3.     Commits a tortuous act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>> (i)     regularly does or solicits business, or engages in any other persistent  course of conduct, or derives substantial revenue from goods used or

consumed or services rendered, in the state, or

(ii)     expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4.     Owns, uses or possesses any real property situated within the state.

Here, it is alleged that the defamation, i.e. tortious conduct, was committed outside the state and caused damage inside the state.   Thus, CPLR 302 (a)(3) would apply, except that CPLR 302 (a)(3) has specific a exception for a "cause of action for defamation of character".   That leaves only CPLR 302(a)(1) as the sole source of long arm jurisdiction over Herboldsheimer and Golden Rule. In *Legro v. Irving*, 38 A.D.53, 55 (1st Dept. 1971), referring to *Times v. Sullivan*, 376 U.S. 254 (1964), the First Department explained the reasons for excepting defamation claims from New York's long arm statute:

New York's Appellate Division, First Department, has reflected on the reasons for the defamation exception. [T]he Advisory Committee intended to avoid unnecessary inhibitions on freedom of speech or the press.  These important civil liberties are entitled to special protections lest procedural burdens shackle them.  It did not wish New York to force newspapers published in other states to defend themselves in states where they had no substantial interests, as the New York Times was forced to do in Alabama.

The Second Circuit described the two part test to determine if there is long arm personal jurisdiction under New York law in a defamation case in *Best Van Lines v. Walker*, supra:

. . .To determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant "transacts any business" in New York and, if so (2) whether this cause of action "aris[es] from" such a business transaction.  See <u>Deutsche Bank Sec., Inc. v. Montana Bd. Of Invs., 7 N.Y.3d 65, 71, 850 N.E.3d 1140, 1142, 818 N.Y.S.2d 164, 166 (2006)</u>.  Courts look to "the totality of the defendant's activities within the forum" <u>Sterling Nat'l Bank & Trust Co. of N.Y. v. Fidelity Mortgage Investors, 510 F.2d 870, 873 (2d Cir. 1975)</u> (citation and internal quotation marks omitted), to determine whether a defendant has "transact[ed] business" in such a way that it constitutes purposeful activity" satisfying the first part of the test, see id. at 874; <u>Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc. 15 N.Y2d 443, 457, 261 N.Y.S.2d 8, 18-19, 209 N.E.2d 68, 75, cert. denied, 382, U.S. 905, 86 S. Ct. 241, 15 L. Ed. 2d 158 (1965)</u>.  As for [**20] the second part of the test, "[a] suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the action that occurred in New York." <u>Henderson v. Ins, 157 F.3d 106, 123 (2d Cir. 1998)</u> (internal quotation marks omitted); <u>accord Deutsche Bank, 7 N.Y.3d at 71, 850 N.E.2d at 1142, 818 N.Y.S.2d at 166-67</u>.

*Best* at *245-246

Also see *Shamoun v. Mushlin*, <u>supra</u> at *13–15.

Setting aside the conclusory allegations of the amended complaint, the factual allegations read together with Stiglitz's affidavit in support of this motion establish beyond cavil  that no claims of defamation arose from Defendants' limited transactions within the State of New York.

It is settled law that the act of making the defamatory statement that is transmitted into New York is not transacting business.  "New York courts construe 'transacts any business within the state' more narrowly in defamation cases than they

do in the context of other sorts of litigation….In defamation cases  by contrast, the 'single act' of uttering a defamation, no matter how loudly, is not a 'transaction of business' that may provide the foundation for personal jurisdiction". (*Best*. at *248).

Transacting business for the purpose of establishing personal jurisdiction requires purposeful activities in the state.  Accepting invitations to speak in the State of New York on two or three occasions is not that.  At best, these are occasional contacts. Advertising their book on a website that is available world-wide, but not targeting New York residents is not purposeful.  Signing a contract in Massachusetts with a New York City publisher, where there are no allegations that the book was researched, produced, or even marketed in New York is not purposeful.

In view of the foregoing, very limited contacts with New York and the very restrictive interpretation of facts allowed by the New York courts when analyzing "transaction of business" in defamation cases, it is submitted that Herboldsheimer and Golden Rule did not transact business in New York for purposes of personal jurisdiction pursuant to CPLR 302(a)(1).

## ARISING FROM ANALYSIS

If movants were "transacting business" in New York, which is denied, personal jurisdiction pursuant to CPLR 301(a)(1) also requires that the defamation "arises from" the business transactions.

In *Sole Resort, S.A.de C.V. v. Allure Resorts Mgmt*, LLC, 450 F.3d 100 (2nd Cir. 2006) the court summarized New York State holdings in regard to the "arising from" requirement.  Under CPLR 302(a)(1) "New York courts have held that a claim 'aris[es] from' a particular transaction when there is some articulable nexus between the

business transacted and the cause of action sued upon"  [citation omitted] or when 'there is a substantial relationship between the transaction and the claim asserted". *Sole Resorts*, 450 F.3d *103.

The courts have held that to confer personal jurisdiction, the defamation sued upon must arise from the particular transaction that took place in New York.  In *G31000 N. Am, Inc. v. Paris*, 2014 U.S. Dist. LEXIS 163355 (SDNY 2014), the court held that there was no personal jurisdiction based on defendants' providing consulting services to New York clients because the defamation did not arise from the consulting services. Also see *Realuyo v. Villa Abrille*, 2003 WL 2153774 at *6, 2003 U.S. Dist. LEXIS 11529 at *17 (SDNY 2003).

In our case, the alleged New York contacts were (a) signing a publishing contract with a New York publisher, (b) advertising the sale of honey and Defendants' book on an internet website that did not target New York residents, but could be read in New York, (c) accepting and appearing at two or three separate occasions at beekeeping groups in which Plaintiff alleges that the book was being promoted (d) purchasing honey from a New York supplier once a year in Vermont, and (e) selling to two New York retailers on one occasion in 2012 and to another for two holiday boutiques in New York for a total of twelve weeks.  It is undisputed that no defamatory statements were made in defendant's book, in his website advertisement, at his speaking engagements or in connection with buying or selling honey.  The alleged defamation was made on public, internet, websites, which were not directed toward New York residents.  Therefore, the alleged defamation did not arise from a New York transaction of business.

A frequently cited Court of Appeals decision which elucidates the "arising from" requirement of CPLR 302(a)(1) is *Talbot v. Johnson Newspapers Corp.*, 71 N.Y.2d 827 (1988).  A California resident whose daughter had attended school in New York wrote two letters while in California to the New York school in which he stated that his daughter had observed the plaintiff, a school athletic coach, drunk at a fraternity party. One of the letters was published in a local newspaper that also quoted a telephone interview with the student, daughter and co-defendant. The court held that there was no personal jurisdiction over the father or daughter because, even if attending school in New York could be "purposeful activity", the defamation did not arise from that activity. It arose from the letters which were not purposeful conduct in the state. Hence, arising from requires that the defamation arise from the particular New York activity, which is demonstrably missing in our case.

In *Best* the court found there was no personal jurisdiction over defendant who made allegedly defamatory statements in a website posting because, *inter alia* "the nature of Walker's comments do not suggest that they were purposefully directed to New York State rather than a nationwide audience.  The identical situation is true in our case.

Accordingly, the complaint must be dismissed for failure to obtain personal jurisdiction over Herboldsheimer and Golden Rule.

**POINT II**

**PLAINTIFF'S REMAINING CAUSES OF ACTION
FOR CIVIL RIGHTS VIOLATIONS, LANHAM ACT
VIOLATONS, TORTIOUS INTERFERENCE, AND
PERSONAL INJURY MUST BE DISMISSED**

In the initial complaint, the First Cause of Action, designated the "First Complaint" was "Libel Per Se". This was replaced in the Amended Complaint with the Third Cause of Action for Defamation Per Se. The remaining causes of action are the same as the initial complaint with the exception of the fact that the Lanham Act violation is new and the unjust enrichment cause of action of the initial complaint was dropped. It is apparent that Plaintiff hoped to change the essential nature of this suit from a defamation suit, with limited long arm jurisdiction to something else by burying the defamation claim in the middle of the other claims. Unfortunately for Plaintiff, the sequence of the causes of action is irrelevant to this Court's determination that the action "sounds in defamation", and therefore subject to the jurisdictional limitations for all of the causes of action. This action sounds in defamation because the only conduct complained of is the multiple internet statements concerning Mr. Fischer. If these statements were true or not defamatory none of the other causes of action would survive.

The leading Second Circuit on this point is *Cantor Fitzgerald, LP v. Peaslee*, 88 F3D 152, 157 (2nd Cir 1996) (S.D.N.Y.), wherein many of the same causes of action asserted by Plaintiff here were tacked on to the plaintiff's defamation cases. The court held that the entire Complaint "sounds in defamation" and all causes of actions must be dismissed for lack of personal jurisdiction:

> [A]lthough plaintiffs have nominally alleged torts other than defamation, ' plaintiff's may not evade the statutory exception by recasting their cause of action as something

other than defamation 'Cantor Fitzgerald, L.P. V. Peaslee, 88 F3d 152, 157 (2d. Cir 1996) claims that 'sound [   ] in defamation are also excluded from sections 302 (a)(2) and 302(a)(3) Id. In this case as in Cantor Fitzgerald, the entire Complaint sounds in defamation.'

As in our case, the plaintiff in *Shamoun v. Mushlin*, 2014 USDC LEXIS 45617, attempted to evade the effect of the defamation exception to New York's long arm jurisdiction by asserting other causes of action.  Collecting cases, this Court held that an action that is based on allegations that the defendant published false statements about him on line is a defamation case and the limitation on long arm jurisdiction applies to all of the related causes of action:

> Plaintiffs attempt to evade the express exception for defamation actions and establish jurisdiction through *CPLR sections 302(a)(2)* and *302(a)(3)* by asserting other tort claims, including intentional infliction of emotional distress, outrageous conduct, defamation *per se*, and false light, all based on allegations that the Defendants published false claims about Plaintiffs online.  *See* AC ¶¶ 40-79; Pls.' Mem. 29-30.  However, it is well-established that Plaintiffs cannot evade this exception by recasting their defamation claims as other torts.  *See Cantor Fitzgerald, LP. v. Peaslee, 88 F.3d 152, 157 (2d Cir. 1996)* ("All of plaintiffs' claims are based upon [the] alleged defamatory statements.  Plaintiffs may not evade the statutory exception by recasting their cause of action as something other than defamation.:) (citing *Jolivet v. Crocker, 859 F. Supp. 62, 65 (E.D.N.Y. 1994)* ("[Because] these claims are based on the alleged defamatory letter,... § 302(a)(3) cannot serve to supply a basis for personal jurisdiction.  To rule otherwise would provide a facile means for plaintiffs ... to evade the statutory defamation exception ...")); *American Radio Ass'n, AFL-CIO v. A.S. Abell Co., 58 Misc. 21d 483, 296 N.Y.S.2d 21, 23 (N.Y.Sup. Ct. 1968)* ("[P]laintiffs' attempt to convert the alleged tort from defamation to something else must be rejected as spurious.").  All of the Plaintiffs' claims are factually based upon the allegedly defamatory statements published online, so the defamation exception applies and neither *section 302(a)(2)* nor *section 302(a)(3)* can support personal jurisdiction over the Defendants.

*Shaumoun* at *11-13.

Also see *G31000 N. Am, Inc. v. Paris,* 2014 USDC LEXIS 163355.

Plaintiff may not be allowed to sidestep the limitations on personal jurisdiction for defamation by merely calling it by another name.  Accordingly, for the identical reasons set forth by the Court in *Cantor Fitzgerald,* and *Shamoun v. Mushlin,* the entire complaint in the instant case must be dismissed.

## POINT III

### THE AMEDED COMPLAINT FAILS TO STATE A CLAIM AGAINST HERBOLDSHEIMER

The amended complaint alleges no tortious conduct on the part of Herboldsheimer. The sole basis for joining her as a defendant here is that she is a member of Golden Rule and that her co-member and spouse allegedly published defamatory statements about Plaintiff. Guilt by association is not a cognizable cause of action, particularly for co-members of a limited liability company. The applicable Massachusetts law regarding limited liability companies is General Laws 156 C § 22, which provides in relevant part:

> "[D]ebts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company; and no member or manager of a limited liability company shall be personally liable directly, indirectly…soley by reason of being a member or acting as a manager of the limited liability company."

See *Musi v. Gloster Boat Bldg.Co.* 2013 Mass App.Div Lexis 9, 213 Mass App 18, 2012 WL 7667008 for a discussion of the lack of personal liability of members of a Massachusetts limited liability company.

New York, as forum state, may have an interest in determination of personal liability of a member of a limited liability company under the facts of our case. This choice of law issue is moot however because the New York statute is effectively the same as the Massachusetts statute. See NYCLS LLC 609:

> "Neither a member of a limited liability company,[nor] a manager of a limited liability company...is liable for a debt, obligation or liability of the limited liability or each other, whether arising in tort, contract or otherwise solely by reason of being such member, manager or agent..."

Therefore, as there is no conflict of laws between New York and Massachusetts, the choice of law issue is moot.

Applying Massachusetts law, *Smith v. Shining Rock Golf Comty, LLC,* 2007 Mass. Super LEXIS 222;2007 WL 21109558, the court held that a member of a limited liability company is not liable for the debts of the company or the other members. *Smith* held, in addition, that the corporate veil will not be pierced where there is limited liability company unless "there is 'an element of dubious manipulation and contrivance, finagling, such that the corporate identities are confused and third parties cannot be quite certain with what they are dealing'" [quoting from *Evans v. Multicom Construction Corp.,* 30 Mass. App. Ct. 728, 736 (1991)] at p. *6. In our case, no confusion between the identification of Golden Rule and Herboldsheimer or Stiglitz. has been claimed.

Since there are no allegations in the amended complaint against Herboldsheimer, other than the immaterial allegations that she was a member of Golden Rule, the claims against Herboldsheimer must be dismissed because they fail to state a claim upon which relief may be granted as a matter of law.

## CONCLUSION

The amended complaint must be dismissed because Plaintiff failed to obtain personal jurisdiction over Herboldsheimer or Golden Rule.  In the alternative, should the Court conclude that additional discovery and a hearing is needed before ruling on the jurisdiction issues, Defendant requests that same be ordered as soon as possible.

If the Court retains jurisdiction over Herboldsheimer, the court should dismiss the complaint against Herboldsheimer for the reason that the amended complaint failed to state a claim against her.

Dated:  Melville, New York
       December 4, 2015

Respectfully yours,

SPEYER & PERLBERG, LLP
Attorneys for Defendants

By: _____
Dennis M. Perlberg, Esq. (DP 9514)
115 Broadhollow Road, Suite 250
Melville, New York 11747
Perlberg@speyerperlberg.com
(631) 673-6670
Our File No.:  15-120 DMP (17)

TO:   JAMES FISCHER
       *Pro Se*
       Box 287048
       New York, New York 10128

S:\CURRENT\DMP\Stiglitz\Legal\Motions\Motion to Dismiss Amended Compaint Herboldsheimer & Golden Rule\MOL DISMISS AM
COMPLAINT AG HERBOLDSHEIMER AND GRH.docx