UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 07 2015

James Fischer,

        Plaintiff,

—v—

Dean Stiglitz,

        Defendant.

15-cv-6266 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On August 10, 2015, Plaintiff filed a complaint in the above-captioned action alleging defamation, tortious interference with business relations, and violation of the right to privacy under section 51 of the New York Civil Law. *See* Dkt. No. 1. On September 8, 2015, Plaintiff sought a preliminary injunction requiring "the prompt removal of Defendant's misuses of Plaintiff's name" from several internet forums. *See* Dkt. No. 7 at 4. For the reasons articulated below, Plaintiff's request for a preliminary injunction is denied.

I.    **BACKGROUND**

Defendant is the author of a book entitled *The Complete Idiots Guide to Beekeeping*. Comp. ¶ 10. Plaintiff alleges that Defendant made a series of "defamations and false accusations" on various internet forums in order to promote Defendant's book. *Id.* ¶ 12. Relevant here are two posts made in August 2014 on the "BeeSource.com" internet forum discussion thread about Plaintiff's product, Fischer's Bee-Quick.[1] *Id.* ¶¶ 20-21. The first post

---

[1] Plaintiff points to several other posts dated August 2010, December 2012, and sometime in 2013. Br. at 13. Because these posts are clearly barred by section 51's one-year statute of limitations, *see* CPLR § 215(3), they do not provide a basis for a preliminary injunction. *See Blue Planet Software, Inc. v. Games Int'l, LLC*, 334 F. Supp. 2d 425, 440 (S.D.N.Y. 2004).

1

reads: "Considering who makes the stuff, it might work better if you add a $30 cocktail to what comes in the bottle…and threaten to sue the bees if they don't do what you want." Comp. Ex. D at 1. The second post reads:

> "Jim writes extensively about fancy drinks at fancy bars, has threatened to sue me, my publisher, the organic list, bee-I, and I expect some of the other well known lists/forums. He has lied blatantly and publicly time and time again regarding me and many other members of beesource.
>
> If someone from a company being rude on the phone is relevant to the product (it is), then the inexplicably toxic actions of the person with their name on the bottle are certainly relevant. I was being funny about it to keep myself and others amused. Honestly, the subject doesn't deserve the time it would take to lay out the very well documented history (like the archives of the organic list that were deleted under threat of legal action from Jim…he demanded that his own, unedited posts and replies to them and any mention of his name be deleted from the archives). Nothing like a scientist with a mission to revise history."

Comp. Ex. D. at 3.

Although Plaintiff challenges these statements as constituting defamation, tortious interference with business relations, and violation of his right to privacy, he exclusively relies on section 51 of the New York Civil Law to justify his request for an injunction ordering removal of the posts.[2] *See* Dkt. No. 7 at 8.

## II. DISCUSSION

"A preliminary injunction is an extraordinary remedy" and "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. NRDC*, 555 U.S. 7, 22, 24 (2008). "In order to justify a preliminary injunction, a [plaintiff] must demonstrate 1) irreparable harm absent injunctive relief; 2) either a likelihood of success on the merits, or a serious question

---

[2] This is presumably because "injunctions should not ordinarily issue in defamation cases," *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, 239 F.3d 172, 177 (2d Cir. 2001), while invasion of the right to privacy secured by section 51 has been held to constitute irreparable injury justifying injunctive relief. *See Lerman v. Flynt Distrib. Co.*, 745 F.2d 123, 128 (2d Cir. 1984); *Ryan v. Volpone Stamp Co.*, 107 F. Supp. 2d 369, 403 (S.D.N.Y. 2000).

2

going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and 3) that the public's interest weighs in favor of granting an injunction." *Metro, Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010) (quoting *Winter*, 555 U.S. at 20) (internal citations omitted) (internal quotation marks omitted).

As noted above, Plaintiff's request for a preliminary injunction relies on section 51 of the New York Civil Rights Law, which prohibits the use any person's "name, portrait, picture or voice . . . for advertising purposes or for the purposes of trade without . . . written consent." N.Y. Civ. Rights Law § 51. This statute is to be narrowly construed and "strictly limited to nonconsensual commercial appropriations of the name, portrait or picture of a living person." *Messenger ex rel. Messenger v. Gruner + Jahr Printing & Publ'g*, 94 N.Y.2d 436, 441 (2000) (quoting *Finger v. Omni Publ'g, Int'l*, 77 N.Y.2d 138, 141 (1990).

Here, Plaintiff challenges Defendant's use of Plaintiff's name in posts on an internet forum. Br. at 6. Defendant argues that these posts do not violate section 51 because he did not use Plaintiff's name "for advertising purposes or for the purposes of trade." *See* N.Y. Civ. Rights Law § 51. According to New York courts, this language contemplates "solicitation for patronage, intended to promote the sale of some . . . commodity or service." *Davis v. High Soc'y. Magazine, Inc.*, 457 N.Y.S.2d 308, 313 (App. Div. 1982) (citing *Flores v. Mosler Safe Co.*, 7 N.Y.2d 276, 284 (1959)); *see also Titan Sports, Inc. v. Comics World Corp.*, 870 F.2d 85, 88 (2d Cir. 1989) (section 51 requires a "commercial purpose"). Under this standard, courts find advertising or trade use if a defendant directly profits from a commercial appropriation of a plaintiff's name or image. *See Messenger*, 94 N.Y.2d at 442-44 (2000) (collecting cases).

Plaintiff alleges that Defendant used Plaintiff's "name in . . . advertising for [Defendant's] book." Dkt. No. 7. at 10. The posts in question, however, were made on a forum

3

containing consumer reviews of *Plaintiff's* product, Fischer's Bee-Quick. Comp. ¶¶ 20-21; Dkt. No. 7. at 13. Furthermore, the posts do not mention Defendant's book. Posts on a consumer review forum that do not mention the Defendant's book are not advertising or otherwise "intended to promote the sale of" Defendant's book. *Davis*, 457 N.Y.S.2d at 313. Because Defendant's posts did not use Plaintiff's name "for advertising purposes or for the purposes of trade," Plaintiff cannot demonstrate a likelihood of success on the merits on his section 51 claim and is thus not entitled to a preliminary injunction.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's motion for a preliminary injunction is denied. This resolves Dkt. No. 7.

SO ORDERED.

Dated: December 4, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge