UNTIED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

JAMES FISCHER,

                Plaintiff,                  Case No.  15 CV 6266

    v.                                             Judge Nathan

DEAN ERIC STIGLITZ, LAURIE ANNE
HERBOLDSHEIMER and GOLDEN RULE
HONEY, LLC.,

                Defendant.

-----------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS THE AMENDED COMPLAINT

SPEYER & PERLBERG, LLP
*Attorneys for Defendants,*
115 Broadhollow Road, Suite 250
Melville, New York 11747
Perlberg@speyerperlberg.com
(631) 673-6670

## Table of Contents

|  | Page |
|---|---|
| Table of Authorities……………………………………………………… | ii |
| Preliminary Statement……………………………………………………… | 1 |
| **Point I –** Plaintiff Has Not Established A Basis For Personal Jurisdiction Over Stiglitz ……………………………… | 3 |
| Conclusion……………………………………………………………… | 6 |

# Table of Authorities

**Cases**                                                                                                    **Page**

*Aamco v. Automatic Transmissions, Inc. v. Taylor*,
368 F. Supp. 1283, 1290 (E.D. Pa. 1973) .............................................................. 1

*Int'l Diamond Imps, Inc. v. Oriental Gamco NY, Inc.*,
64 F. Supp. 3d 494, 520 (S.D.N.Y. 2014).............................................................. 2

*Academy Award Products, Inc. v. Bulova Watch Co.*,
90 F. Supp. 12 (D.C.N.Y. 1950) ............................................................................. 2

*Standard Brands, Inc. v. Smidler*,
151 F.2d 34, 36 (2nd Cir. 1945) .............................................................................. 2

*Carell v. Schubert Org., Inc.*,
104 F. Supp. 2d 236, 259 (S.D.N.Y. 2000) ............................................................ 2

*Zippo Mfg. Co. v. Zippo.Dot Com, Inc.*,
952 F. Supp. 1119, 11123 (W.D. Pa. 1997) ....................................................... 3, 4

*Sostre v. Leslie*,
2008 U.S. Dist. LEXIS 10025 (DC RI 2008) ......................................................... 4

*Heidle v. Prospect Reef Resort Ltd.*,
364 F. Supp. 2d 312, 318 (WDNY 2005) ............................................................... 4

*MedPay Sup. v. MedPay U.S.A., LLC*,
2007 U.S. Dist. LEXIS 30201 (EDNY 2007) ................................................. 4, 5, 6

**Other Authorities**

CPLR § 301 ............................................................................................................ 4, 5

FRCP 12(b)(2) ............................................................................................................ 4

## PRELIMINARY STATEMENT

This reply memorandum of law is submitted to respond to Plaintiff's opposition to the motion by Dean Eric Stiglitz ("Stiglitz") to dismiss the complaint against him. The instant motion was filed on November 16, 2015. In further support of this motion, Stiglitz re-submits his affidavit of December 5, 2015, which was originally submitted in support of the pending motion to dismiss by co-defendants. Read together, with the declaration of Sennea Raslan ("Raslan"), also submitted herewith, there leaves no doubt that neither the co-defendants, nor Stiglitz were doing business or transacting business in New York. Moreover, no alleged tortious conduct arose from alleged New York transactions.

Plaintiff, James Fischer ("Fischer") is appearing *pro se* and many of his arguments display his lack of experience. We will not address his most obvious mistakes as we are certain that this Court does not require or need us to do so. Our silence is not by any means consent to each and every position that he has taken.

## POINT I

### ALLEGATIONS UNDER THE LANHAM ACT DO NOT CURE THE LACK OF LONG ARM JURISDICTION OVER STIGLITZ

Plaintiff argues that this action is not a defamation claim or one that sounds in defamation. It is a federal question suit under the Lanham Act. He apparently contends that the Lanham Act affords this Court with full jurisdiction over non-resident Stiglitz. In fact, the Lanham Act grants subject matter to the Federal Courts over such claims. It does not provide personal jurisdiction, which is the only issue raised in this motion. See *Aamco v. Automatic Transmissions, Inc. v. Taylor*, 368 F. Supp. 1283, 1290 (E.D. Pa.

1973); *Int'l Diamond Imps, Inc. v. Oriental Gamco NY, Inc.*, 64 F. Supp. 3d 494, 520 (S.D.N.Y. 2014).

Plaintiff's letter of 2010 attacking Stiglitz's book is the sole basis for his Lanham Act claim. He contends that his claims derived from this letter are unrelated to his claims of defamation asserted in the Third Cause of Action. This must be a new argument concocted after he drafted the Amended Complaint because paragraphs "19" and "31" of the Amended Complaint allege that the letters were defamatory. Thus, the entire Amended Complaint sounds in defamation.

Plaintiff denies that this is a diversity suit and claims it is a federal question suit. This too must be a new argument apparently concocted after he drafted the Amended Complaint in which he alleges that this is a diversity suit. See Amended Complaint ¶ 14. The Amended Complaint does not allege jurisdiction based on a "federal question".

In fact, this Court would not have subject matter jurisdiction in this case without diversity jurisdication. Plaintiff's claims under the Lanham Act are based upon infringement with an unregistered trademark.[1] It is settled law that federal jurisdiction over trademarks exist only if the marks are registered. See *Academy Award Products, Inc. v. Bulova Watch Co.*, 90 F. Supp. 12 (D.C.N.Y. 1950); *Standard Brands, Inc. v. Smidler*, 151 F.2d 34, 36 (2nd Cir. 1945); *Carell v. Schubert Org., Inc.*, 104 F. Supp. 2d 236, 259 (S.D.N.Y. 2000). Hence, without diversity of citizenship, Plaintiff would not be able to confer subject matter or personal jurisdiction over Stiglitz.

---

[1] Defendants do not concede that Plaintiff's legal name, James or Jim Fischer is a trademark in any way shape or form.

## POINT II

### PLAINTIFF HAS NOT ESTABLISHED A BASIS FOR PERSONAL JURISDICTION OVER STIGLITZ

Plaintiff's allegations, claiming that Stiglitz was doing business and transacting business do not amount to any more than occasional, incidental contacts within New York. His broad, conclusory claims of New York contacts by Defendants are nothing but supposition and hearsay, which were addressed by Defendants and Ms. Raslan by first hand, specific factual repudiation.

The only new legal argument (not made in the four prior motions), is the claim that Golden Rule was doing business in New York under the standards set forth in *Zippo Mfg. Co. v. Zippo.Dot Com, Inc.*, 952 F. Supp. 1119, 11123 (W.D. Pa. 1997). Zippo established a sliding scale of contacts for internet websites from merely passive advertisement, to active websites, to fully interactive websites, involved in marketing and selling products on the website. *Zippo* applied the Pennsylvania long arm statute in a commercial case to find that there was personal jurisdiction over defendant. It did not have to concern itself with New York's long arm statute with limitations on jurisdiction for cases alleging defamation of character, which have First Amendment concerns associated with it. The out of state defendant in *Zippo* sold passwords to 3,000 subscribers in Pennsylvania and provided services to them. *Zippo* did not involve general jurisdiction. The *Zippo* claim involved specific jurisdiction. In *Zippo*, jurisdiction applied only to torts that arose out of transactions in the state. Since none of the torts alleged by Fischer arose from in state transactions, *Zippo* is inapposite to the instant case.

This distinction between general and specific jurisdiction in applying the *Zippo* standard was highlighted in *Sostre v. Leslie*, 2008 U.S. Dist. LEXIS 10025 (DC RI 2008):

> In addition to failing to provide this Court with adequate support for his general jurisdiction claim, Plaintiff mistakenly argues that this Court should apply the framework set forth in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), to the question of whether general jurisdiction can be exercised over the Bad Boy Defendants. While the *Zippo* case does set forth a framework for analyzing personal jurisdiction issues where the contacts are based on the Internet, the *Zippo* framework was crafted in the context of a dispute over specific jurisdiction. In *Zippo*, the plaintiff did not contend that general jurisdiction existed, thus the court did not even analyze the defendant's Internet contacts in the context of general jurisdiction. *Id.* at 1122.
>
> at p. *19.

Also see *Heidle v. Prospect Reef Resort Ltd.*, 364 F. Supp. 2d 312, 318 (WDNY 2005) (*Zippo* only applies to specific jurisdiction, not applicable to CPLR 301).

In *MedPay Sup. v. MedPay U.S.A., LLC*, 2007 U.S. Dist. LEXIS 30201 (EDNY 2007), the plaintiff attempted to invoke the *Zippo* sliding scale to prove personal jurisdiction over the defendant in a Lanham Act case. In footnote #3, the Court stated:

> The three (3) cases primarily relied upon by Plaintiff are not only out of date but also inapposite because they do not involve the application of CPLR § 301. See *Zippo Mfg. Co. v. Zippo Dot Com. Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) (invoking jurisdiction pursuant to Pennsylvania's long-arm statute);

*MedPay* dismissed the complaint on the grounds of FRCP 12(b)(2) because, notwithstanding the interactive website maintained by the out of state defendant, there were no other continuous, permanent and substantial business in New York. The Court

4

noted that the website was insufficient and that general jurisdiction under CPLR 301 required "soliciting – plus". This case is factually similar to our case, minus the defamation aspects of our case. The court held:

> A firm does not "do business" in New York simply because New York citizens can contact the firm through its website, see *Aqua Prods., Inc. v. Smartpool, inc.* No. 04 Civ. 5492, 2005 U.S. Dist. LEXIS 17246, 2005 WL 1994013, at [*17] *4 (S.D.N.Y. Aug. 18, 2005) (citing *Cornell v. Assicurazioni Generali S.p.A.*, No. 98 Civ. 2262, 2000 U.S. Dist. LEXIS 2922, 2000 WL 284222, *2 (S.D.N.Y. Mar. 16, 2000)), and "courts have routinely held that the fact that a foreign corporation has an interactive website accessible to New York, without more, is nsufficient to confer jurisdiction under CPLR § 301." *Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameris*, No. 03 Civ. 1681, 2004 U.S. Dist. LEXIS 19614, 2004 WL 2199547, AT *7 (S.D.N.Y. Sept. 29, 2004). See *Spencer Trask Ventures, Inc. v. Arcohs S.A.*, No. 01 Civ. 1169, 2002 U.S. Dist. LEXIS 4396, 2002 WL 417192, at *6-7 (S.D.N.Y. Mar. 18, 2002). "Were it otherwise, every entity or individual that ran a highly interactive website from anywhere in the world would be sued for any reason in New York." *In re Ski Train Fire in Kaprup, Aus.*, 230 F. Supp. 2d 376, 383 (S.D.N.Y. 2002). Thus, jurisdiction over MedPay USA will lie only if it substantially solicits business in New York or has agents doing business in New York.

at p. *17.

What was absent in *MedPay*, which also is true in regard to Golden Rule, is the presence of a New York sales representative located in New York. Fischer, in the instant case, claimed that Golden Rule had one based upon the LinkedIn resume of Sinnea Raslan. However, the LinkedIn listing was misread and misquoted by Plaintiff and Ms. Raslan's declaration proves beyond dispute that she was not a New York representative for Golden Rule.

*MedPay* also addressed the issue of personal jurisdiction over a corporate officer, such as Stiglitz, when there is personal liability over his corporation. Id. at *24 – 25. It held that personal liability could be found only if the corporation's tort arose out of the in state transaction of the officer. Here, there were no torts resulting from any transactions by anyone within New York State. The only tortious conduct alleged were the internet posts of Stiglitz that were made out of State. Thus, even if this Court had personal jurisdiction over Golden Rule, it does not have personal jurisdiction over Stiglitz.

## CONCLUSION

The motion by Stiglitz to dismiss the Amended Complaint against him must be granted because this Court lacks personal jurisdiction.

Dated: Melville, New York
December 10, 2015

Respectfully yours,

SPEYER & PERLBERG, LLP
Attorneys for Defendants

By: _____
Dennis M. Perlberg, Esq. (DP 9514)
115 Broadhollow Road, Suite 250
Melville, New York 11747
Perlberg@speyerperlberg.com
(631) 673-6670

TO:  JAMES FISCHER
*Pro Se*
Box 287048
New York, New York 10128

S:\CURRENT\DMP\Stiglitz\Legal\Motions\Motion to Dismiss Amended Complaint\Reply Memo of Law to Dismiss Amended Complaint.docx

6