UNTIED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JAMES FISCHER,

            Plaintiff,                      Case No. 15 CV 6266

    v.                                           Judge Nathan

DEAN ERIC STIGLITZ, LAURIE ANNE
HERBOLDSHEIMER and GOLDEN RULE
HONEY, LLC.,

            Defendant.

-----------------------------------------------------------------X

# MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT BY HERBOLDSHEIMER AND GOLDEN RULE

SPEYER & PERLBERG, LLP
*Attorneys for Defendants,*
*Dean Eric Stiglitz,*
*Laurie Anne Herboldsheimer*
*and Golden Rule Honey, LLC*
115 Broadhollow Road, Suite 250
Melville, New York 11747
Perlberg@speyerperlberg.com
(631) 673-6670

## Table of Contents

    **Page**

Table of Authorities................................................................. ii

Preliminary Statement............................................................. 1

Plaintiff Mischaracterized the So Called New York
Contacts of Herboldsheimer and Golden
Rule....................................................................................... 2

The Amended Complaint Fails to State a Claim
Against Herboldsheimer........................................................ 5

Conclusion............................................................................. 7

# Table of Authorities

## Cases

Page

*Clarke v. Trustees of Columbia Univ.*,
1996 U.S. Dist. LEXIS 15620 (S.D.N.Y. 1996) ............................................................. 5, 6

*Landoil Res. Corp. v. Alexander & Alexander Services, Inc.*,
918 F.2d 1039 (2nd Cir 1990) ..................................................................................... 4, 5

*Old Republic Ins. Co. v. Hansa World Cardio Services, Inc.*,
170 F.R.D. 361 (E.D.N.Y. 1997) ..................................................................................... 7

*United States v. Int'l Long Shoreman's Assoc.*,
518 F.Supp.2d 422 ........................................................................................................ 6

*Wiwa v. Royal Dutch Petroleum Co.*,
226 F.3d 88 (2nd Cir. 2000) ........................................................................................... 3

## Other Authorities

CPLR § 301 .................................................................................................................. 4, 5

CPLR § 302 ...................................................................................................................... 5

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted in further support of the motion by Laurie Anne Herboldsheimer (Herboldsheimer) and Golden Rule Honey, LLC (Golden Rule) to dismiss the Amended Complaint (Doc. 44) against them for lack of personal jurisdiction. This motion follows the motion of Co-Defendant, Dean Stiglitz (Stiglitz) to dismiss the Amended Complaint against him on the grounds this Court lacks personal jurisdiction over him. The Plaintiff opposed the Stiglitz motion with an opposition memorandum of law, an eighteen page Appendix, which was another memorandum of law, and a sur-reply memorandum of law. The Court allowed the supplemental submissions by Plaintiff based on a false representation made to the Court. However the Court ruled that "No further submissions regarding the pending motion to dismiss filed by Defendant, Stiglitz, will be accepted from any party, …"(Doc. 56).

Flaunting this Court Order, Fischer writes in his opposition brief: "Here, we will discuss jurisdiction for all defendants, including Mtr. Stiglitz. The reply to Mr. Stiglitz's motion to dismiss was typed in a rush, and he [Stiglitz] is a joint tortfeasor with Defendants making this motion. Further, Plaintiff must somehow anticipate arguments in a Defense sur-sur reply, as Plaintiff seems to have been denied in advance any opportunity to address errors." (Doc. 59 p. 6 of 31).

Stiglitz requests that Fischer be admonished for willfully violating this Court's order to get an unfair advantage over Stiglitz, who will abide by the order and limit this Reply to the issues raised in the Herboldsheimer and Golden Rule motion.

## PLAINTIFF MISCHARACTERIZED THE SO CALLED
## <u>NEW YORK CONTACTS OF HERBOLDSHEIMER AND GOLDEN RULE</u>

Plaintiff twisted and distorted the agreed and undisputed facts of this case so as to create a mirage of a permanent and continuous presence in New York State. It simply does not exist. He cites only three New York retailers who ever sold Golden Rule honey in the State. One appeared at a holiday show during two holiday seasons in 2010 and 2011, never to be repeated. It was not continuous because it lasted only two short holiday periods. It was not permanent because it ended in 2011. The other retailers, Marlow and Daughters and Blue Apron, purchased a combined total of three invoices in 2010 and 2011, for a combined total sale of less than $3,000. Three invoices in over two years is not continuous, and since there were no sales before 2010 or after 2011, it was not permanent.

Appearing at three lectures in New York, during two trips into the state, when they also were touring in other states, by invitation only, is occasional, it is not routine; it is not permanent and it is not continuous. Unlike cases that found a permanent presence in the state, even if the defendant was not physically present, there were no sales representatives or agents on site to market the Golden Rule's products.

Honey purchased from the New York distributer, Brachmann, was made once a year in Vermont. It was a small percentage of Golden Rule's purchased honey and a much smaller percentage of the total sales when combined with Golden Rule's own farmed honey. If general jurisdiction could be based on such a transaction, then all of Brachman's customers could be sued in New York for any tort no matter where the tort occurred. Such universal jurisdiction in New York for any purpose by all customers of

2

Brachman, like Golden Rule, is not intended and would be an absurd and burdensome outcome.

There was no targeting of Golden Rule's website to New Yorkers. The quoted thank you to our New York friends, read in context, was a thank you to Marlow and Daughters and to Blue Apron, who were occasional customers as indicated above. No continuous or permanent relationship with any New York retailers have been identified by Fischer.

Plaintiff's brief submitted in opposition to this motion adds no new arguments or case law that has not been addressed and rebutted at length in the papers submitted in the related motion. The only thing new is Plaintiff's misstatement of the holdings of well known case law. A few examples:

Plaintiff claims that the holding in *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88 (2nd Cir. 2000) stands for the proposition that general jurisdiction does not require a physical presence in the venue. He is correct, except that the basis of the holding is that physical presence is not required if the defendant has an agent physically and permanently located in the State. Moreover, "the agent must be primarily employed by the defendant and not engaged in similar services for other clients [citations]" *Wiwa* (at p * 95). Neither Golden Rule nor Herboldsheimer had such an agent physically present in New York. Plaintiff tried to prove that Sennea Raslan was such an agent, but that was disproven by his re-reading of her Linked-In page, which was the basis for this claim, and by Raslan's declaration, in which she explained that her presence in the Greater New York region, meant Stamford, Connecticut; and, that she had never lived or worked in New York.

Plaintiff relies upon *Landoil Resources Corp. v. Alexander & Alexander,* 918 F.2d 1039 (2nd Cir. 1990) for the proposition that it is not necessary that an agent of the defendant be in the forum state to establish general jurisdiction. After holding that the absence of a permanent New York location is not dispositive of finding CPLR § 301 jurisdiction, the court reviewed the many other contacts claimed by plaintiff and ruled that the District Court was correct in dismissing the action for lack of a continuous and permanent contacts. In language that would apply directly to our case, the Court held:

> Having concluded that the absence of a permanent locale in New York is not in itself dispositive of the issue of personal jurisdiction under *CPLR 301*, we must proceed to consider whether the district court clearly erred in finding that the record as a whole failed to establish by a preponderance of the evidence an adequate predicate for such jurisdiction. We conclude that it did not.
>
> Alexander & Alexander argues that the thirteen business trips made by employees of the Sedgwick defendants to New York, eight by Sedgwick International employees and five by Sedgwick Marine, constitute "substantial and continuous" solicitation in this state. However, these business trips were of short duration, were by different employees, involved a number of accounts, including large multi-national corporations headquartered in New York, and in some instances concerned contacts that were not related to New York in any way. Moreover, these solicitations occurred sporadically over a period of eighteen months. These contacts are insufficient to establish the systematic and continuous presence within the state that New York law requires. See, e.g., *Aquascutum, supra, 426 F.2d at 211-12* (visits to solicit business in New York "every few months" insufficient to sustain jurisdiction); *Hoffritz, supra, 763 F.2d at 57-58* (fifty-four visits to New York to discuss business with plaintiff insufficient); *New World Capital Corp. v. Poole Truck Line, Inc., 162 F.Supp 166, 172 (S.D.N.Y. 1985)* (eight visits over four years insufficient); *Savoleo v. Couples Hotel, 136 A.D.2d 692, 693, 524 N.Y.S.2d 52, 52* (2d Dep't 1988) ("occasional" business trips to New York insufficient); *Pacamor Bearings, Inc. v. Molon Motors & Coil, Inc., 102 A.D.2d 355, 357-58, 477 N.Y.S.2d 856, 857* (3d Dep't 1984)

4

> (nine trips to New York by sales managers over twenty months insufficient).

at p. *1045-1046.

It is submitted that the number of sales trips to New York - 13, were far more than what was claimed to have been made by Golden Rule of Herboldsheimer. As in *Landoil*, the trips were made sporadically, were of short duration and were not routine. There was no "systematic and continuous" course of entering and staying in New York to do business. By their very nature they were occasional trips that cannot support general jurisdiction in New York.

It is submitted that jurisdiction over non-residents Herboldsheimer and Golden Rule under CPLR 301 or 302 are demonstrably absent and, therefore, the Amended Complaint must be dismissed against them.

## THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST HERBOLDSHEIMER

The standard for granting Rule 12(b)(6) motions was succinctly set forth by Judge Leisure of this Court in *Clarke v. Trustees of Columbia Univ.*, 1996 U.S. Dist. LEXIS 15620 (S.D.N.Y. 1996), quoting the U.S. Supreme Court, among others:

> In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept as true the material facts alleged in the complaint and draw all reasonable inferences in the nonmovant's favor. See Kaluczky v. City of White Plains, 57 F.3d 202, 206 (2d Cir. 1995). Such a motion cannot be granted simply because recovery appears remote or unlikely on the face of a complaint, because "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F. 3d 318, 321 (2d Cir. 1996) (quoting Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974)), cert. denied, 65 U.S.L.W. 3226 (U.S. Oct. 7, 1996)) (internal quotation marks omitted). Rather, dismissal

5

> can only be _granted_ if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Schuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).</u>

Clarke *at p. *8*.

In the instant case, giving every inference and benefit of the doubt to Plaintiff, the Amended Complaint fails to state a claim against Herboldsheimer.

The factual allegations to support a finding that Herboldsheimer is jointly liable with Stiglitz for making the internet posts in question cannot be found in the four corners of the Amended Complaint. In his opposition, Fischer virtually admits that he has no facts to support the allegation that she allowed and condoned the bad acts he alleges against Stiglitz. Reading the amended complaint and his opposition papers together, Herbolsheimer's role in the tortuous conduct is merely a possibility in the mind of Fischer. A complaint cannot be based on a mere possibility, otherwise there would be no point to Rule 11.

While Plaintiff says in opposition to the motion that he is not sure who made the internet posts in question, he attached to his Amended Complaint copies of all of the allegedly actionable posts in issue. They were signed by Stiglitz alone and Stiglitgz has admitted that he wrote them. Plaintiff has no basis to claim that Herboldsheimer made the internet posts or that she had any role in making or allowing them to be made. There is no basis for holding Herboldsheimer personally liable for any of the allegations in this case and, therefore, if this Court should accept jurisdiction, the instant motion by Herboldsheimer, dismissing the Amended Complaint against her must be granted. See *United States v. Int'l Long Shoreman's Assoc.*, 518 F.Supp.2d 422 (E.D.N.Y. 2007) and

6

*Old Republic Ins. Co. v. Hansa World Cardio Services, Inc.*, 170 F.R.D. 361 (E.D.N.Y. 1997).

## CONCLUSION

The motion by Herboldsheimer and Golden Rule to dismiss the Amended Complaint against them must be granted in all respects. In the alternative, the motion by Herboldsheimer to dismiss the Amended Complaint against her for failure to state a claim must be granted.

Dated:   Melville, NY
         January 12, 2016

                    Respectfully yours,

                    SPEYER & PERLBERG, LLP
                    Attorneys for Defendants

                    By: _____
                    Dennis M. Perlberg, Esq. (DP 9514)
                    115 Broadhollow Road, Suite 250
                    Melville, New York 11747
                    Perlberg@speyerperlberg.com
                    (631) 673-6670

TO:   JAMES FISCHER
      *Pro Se*
      Box 287048
      New York, New York 10128

S:\CURRENT\DMP\Stiglitz\Legal\Motions\Motion to Dismiss Amended Compaint Herboldsheimer & Golden Rule\MOL in further support of the motion to dismiss the complaint against Herboldsheimer and Golden Rule.docx

7